## HOUSTON COUNTY vs. KILLEN.

1. No recovery can be maintained on a contract which was made in obedience to a mandatory special act of the general assembly in regard to the employment of convicts and their superintendence on the public roads of a particular county, where such special act conflicts with the general road laws of the state concerning the working of convicts on public roads, such special mandatory act having been enacted after the adoption of the constitution of 1877, and being in conflict with the first paragraph of the fourth section of the first article of the constitution. Code, §5027.

2. It makes no difference in the result of such conflict with the constitution, in making the contract unconstitutional and invalid, because based upon an unconstitutional enactment, that such enactment was an amendment of a special act passed prior to the adoption of the constitution, if the amendment coerced the commissioners of the county to make the contract recovered upon by its imperious mandate, when the prior special act before the adoption of the constitution merely authorized such contract, at the option and in the discretion of the commissioners.

3. Especially must such be the necessary sequence of the premises, when the original special act was passed in February, 1877, and the amendment made as late as October, 1883, more than six years thereafter, and when the contract recovered upon was not made until immediately after the compulsory amendment of 1883, and showed upon its face that such amendment forced the commissioners to act, and put in operation a special law which had remained inoperative until the mandate of the unconstitutional amendment deprived the commissioners of all option and discretion in putting the special law in operation.

4. No contract based upon an unconstitutional law can be enforced upon any party appealing to the shield of the fundamental law; a fortiori, when such party is a political division of the state, whose agents have been forced to make the contract, the fulfilment of which that division—the county—resists behind that shield—the constitution.

Judgment affirmed. (Head notes by the court.)
June 1, 1886.

JACKSON, Chief Justice.

[On February 26, 1885, G. W. Killen brought his action of complaint on an open account against Houston county, to recover $1,000 as salary as superintendent of roads of the county from January 1, 1884, to January 1, 1885.

The defendant filed several pleas, one of them being that the act of the legislature, under which the contract with the plaintiff was made, was unconstitutional. The commissioners of the county also set up, by way of defence, that they were enjoined, under a bill filed by one Pierce, from proceeding with the putting of this work into operation, and that, on December 18, 1884, before the plaintiff had given bond or entered on the discharge of his duties, these road laws were repealed. As to the constitutional point, which alone is considered in the decision, the facts were, in brief, as follows : On February 26, 1877, the legislature passed an act having the following caption :

" An act to alter and amend the road laws of this state, so far as relates to the counties of Houston and Monroe; to provide for the more effectual working of the public roads in said counties; to authorize the employment of convict labor on said roads, and to authorize the boards of commissioners of roads and revenue in said counties to provide the ways and means to carry into effect more effectually the provisions of this act, and for other purposes."

The first section authorized the board " to employ and use, for and during such time as in their discretion is compatible with public necessity, as a force for the working of the public roads and other public works of said counties, the labor of such convicts," etc., and to employ a superintendent. The second section provided that " said board of county commissioners shall, at their session organizing such force, or so soon thereafter as reasonably practicable, elect a superintendent of roads for said counties, at such salary as they may fix, whose term of office shall be four years, if said force shall be kept employed so long, " etc.

On September 15, 1883, another act was passed striking the words " be authorized to employ," etc , from the first

section and inserting the words, "are hereby required to employ and use." After the passage of this act, the board organized its road force, and elected the plaintiff superintendent at a salary of $1,000 per annum.

The jury found for the plaintiff $964.38. The defendant moved for a new trial, on the ground, among others, that the court charged as follows: "I charge you that the county commissioners of Houston county had the power, and it was their duty, under the act of 1883, to put the act of 1877 into effective operation. What they did in relation to this matter is best evidenced by their minutes. If you believe from the evidence that the minutes of said board disclose satisfactory evidence of an election and employment of plaintiff as superintendent of roads under said act of 1877, at a stipulated sum, then no further evidence of a contract in writing is necessary; and the law requiring the clerk of said board to keep a written record of the proceedings of said board, such written record would be a substantial compliance with the law as to this case."

The motion was overruled, and the defendant excepted.]