JAMES M. SMITH, governor, for use, plaintiff in error, *vs.*
WILLIAM L. STAPLER *et· al.*, defendants in error.

The sureties of the ordinary on· the bond required by section 321 of the
Code, are not liable in damages to one who claims to be the lowest bid-
der under proposals for letting· out a contract to build a bridge, because
the ordinary awarded the contract to another bidder.

County matters.    Ordinary.    Before Judge JAMES JOHN-
SON.    Muscogee Superior Court.    November Term, 1873.

James M. Smith, as governor of the state of Georgia, for
the use of R. S. Reynolds, brought debt against William L.
Stapler and Thomas C. Pridgen, alleging substantially as fol-
lows :

The defendants became sureties on the bond of John W.
Duer, formerly ordinary of Muscogee county, by which they
bound themselves jointly and severally, that the said Duer
should well and truly discharge all his duties as ordinary
They have ᵇbecome indebted to the plaintiff in the sum of
$3,000 00, for that, on or about June 1st, 1871, said Duer
did commit a breach of said bond, in this that he, as ordinary,
did make known that he would receive proposal on bids for
building a bridge across the ditch or gully on the old express
road, according to certain plans and specifications.    That on
or about June 14th, 1871, the day for receiving the bids, said
Reynolds put in his bid at $3 50 per foot, said bridge to be
one hundred feet long, more or less.    ·That he likewise made
known to said Duer his willingness and ability to give bond
with good security, for the faithful performance of the work.
That said Duer, as ordinary, refuseᵈd the bid of said Reynolds
and accepted that of Mactison Dancer, at $4 00 a foot.    That
said Reynolds, being the lowest bidd'er, was entitled to said
contract, and the refusal of said Duer, as ordinary, to award
the same accordingly, was in violation of the rights of said
Reynolds, and a breach of his said bond, signed and dated
January 7th, 1870.    Wherefore process is prayed. ·

It was admitted by counsel that Duer, the ordinary, was

Smith *vs.* Stapler *et al.*

dead, and all exception to the declaration for failing to account for his not being a party was waived.

On demurrer the declaration was dismissed and plaintiff excepted.

JOSEPH F. POU, for plaintiff in error.

PEABODY & BRANNON, for defendants.

TRIPPE, Judge.

This was a suit against the sureties on the ordinary's bond, that officer being dead. All facts necessary to the full understanding of the case are given by the reporter. Was the action maintainable? We think not; and the court did not err in dismissing it. Section 321, Code, provides that ordinaries "must give bond and security in the sum of $1,000 00, for the faithful discharge of their duties *as clerks of the ordinary.*" By section 341 they are, by virtue of their offices, clerks of their own courts; "but they may, at their own expense, appoint *one or more clerks, for whose conduct they are responsible.*" Taking these two sections together, it is evident that the bond required by the first does not make sureties thereto liable to a bidder under proposals for building a bridge, because the ordinary did not award the contract to him, although he might be the lowest bidder. The bond was not required to cover any such liability, any more than it was to cover any other erroneous act of the ordinary. If a bidder in such a case is entitled to the contract, and the ordinary fails or refuses to so award it, he is not without remedy for the enforcement of his rights. A prohibition might stop an illegal contract with another, or a *mandamus* might compel the ordinary to execute a legal one under proper circumstances. Certain it is that the bond required by section 321 does not bind the sureties to it for all illegal or erroneous acts of an officer invested with such high authority as the ordinary. Other grounds might be given to sustain the judgment in this case, but it is useless to state them.

Judgment affirmed.