PULASKI COUNTY *v.* DeLACY, solicitor-general, *et al.*

1. Money which has been received by county officials for the hire of misdemeanor convicts must, under the statute, be applied to the payment of the fees of public officers who rendered services in the cases of such convicts, and the witnesses' fees. Only the balance which remains after such application can lawfully be paid into the county treasury or become a part of the county funds.
2. It being the official duty of the persons in charge of the county business, to so apply these funds, a mandamus will lie to compel their compliance with the terms of the statute ; but a suit against the county at the instance of an officer interested is not a proper proceeding to cause such application to be made ; nor will such an action lie against a county merely for the failure or refusal of the county officials to perform a legal duty.
3. A county is not liable to the officers of court who rendered services in the trial and conviction of persons charged with a misdemeanor, for the value of the labor of such convicts while worked and confined on a chain-gang established by the county in which such persons are convicted.
4. The allegations made in the petition as amended set out no cause of action against the county, and the demurrer thereto should have been sustained.

Argued January 10, — Decided February 4, 1902.

Complaint. Before Judge Roberts. Pulaski superior court. August 24, 1901.

*J. B. Mitchell* and *J. H. Martin,* for plaintiff in error.
*J. F. DeLacy, W. L. Grice & Sons,* and *Spencer R. Atkinson,* contra.

LITTLE, J. The view which we take of the law applicable to the facts of this case causes a reversal of the judgment rendered in the court below. It appears that the solicitor-general of the Oconee circuit, John F. DeLacy, Esq., and the clerk and the sheriff of Pulaski county, Lancaster and Roberts, instituted an action against Pulaski county to recover the value of the services of certain convicts who had been tried and convicted in the superior court of that county for different offenses of the grade of misdemeanor, and sentenced to serve different terms in the chain-gang, and who had served their sentences on a chain-gang organized and maintained by the authorities of that county. The theory of the plaintiffs was, that, inasmuch as the county had received the benefit of the labor of such convicts, the value of such labor should be applied to the cost bills of said officers, they having rendered services in the trial of these convicts in the superior court. At the trial of the case an amendment to the petition was allowed which sought to

render the county also liable on another theory of the law; and it was alleged therein that certain of the convicts named in the original petition had been hired out by the commissioners of the county, and that they had received as hire for each of said convicts the sum of $12.50 per month for twelve months. The petition as amended was demurred to on a number of grounds. This demurrer the court overruled, except as to that ground which involved the statute of limitations; and to the overruling of the demurrer the County of Pulaski excepted.

1, 2. In our opinion the allegations as made in the petition as amended did not show a cause of action against the county. Section 1097 of the Penal Code, which contains the law governing the point in question, declares that, "When a county hires out convicts, the money received as compensation for their labor shall be applied to the payment of the fees of the officers of court, including justices and constables who rendered services in such cases, and to the witnesses' fees, and the balance shall be paid into the county treasury for county purposes." It would seem that under the mandate of this section of the code it becomes the official duty of the county commissioners or other proper authorities to apply the money which they receive from the hire of misdemeanor convicts to the payment of the fees of the officers named, and to the fees of the witnesses in the particular cases. No part of the money received for such hire becomes public funds of the county, nor has the county any interest in the same, unless after such payment a balance remains, and only such balance can lawfully be paid into the treasury and become county funds. Inasmuch, therefore, as the application of the funds is required to be made by the county authorities or officials receiving the hire, and until the application is made the county has no interest in such funds, it would follow, we think, that the present suit against the county can not be maintained because of the failure of the commissioners of Pulaski county to comply with the terms of the law. The duty which rests on such commissioners of so applying the funds received is an official one; being so, performance of it can be compelled by mandamus (Civil Code, § 4867), but a failure on the part of such officials will not of itself render the county liable in an action against it at the instance of those officers who are entitled to have the fund applied for their benefit. It may be, however, that under some cir-

cumstances the officials refusing to make such application would be held personally liable at the suit of such officers.

3, 4. As to the other ground upon which plaintiffs claim to have a right of action against the county, it must be said that the section of the code above cited does not render the county liable to the officers entitled to fees in the cases of particular convicts who have been compelled to serve the term of imprisonment directed by the court in a chain-gang organized by such county authorities, nor is there any other statute law with which we are acquainted which makes the county liable to such officers for the value of the hire of such convicts. Confinement in a chain-gang is the punishment which the court inflicts for the commission of the crimes of which such convicts have been found guilty. Under the law, after sentence, the custody of convicts of this character is committed to the county authorities, and if such authorities choose, under the law, to organize a chain-gang and cause such convicts to labor therein, they have a perfect legal right to do so; and if incidentally the county receives the benefit from such labor, it flows from a proper execution of the law, and no liability rests on the county authorities to account to any one for the value of the services rendered by such convicts. It is our opinion that, for the reasons stated, the trial judge erred in overruling the demurrer. Therefore, without passing on the question whether the judge erred in allowing the amendment, and without further reference to additional questions raised, the judgment is 　　　*Reversed. All the Justices concurring.*