AARON, treasurer, *v.* GERMAN, ordinary.

1. One who has failed to comply with a duty imposed upon him by law, of paying over to another a particular fund to the custody of which the latter is entitled, is liable to account to him, not only for such part of the fund as the former has retained in his hands, but also for any portion thereof of which he may have made an illegal disposition.

2. When the right of a plaintiff to specific relief sought by him is unchallenged by demurrer or otherwise, and he establishes by uncontradicted evidence the facts upon which he bases his alleged right to such relief, his prayer therefor should be granted as matter of course.

Argued December 16, 1901.—Decided February 5, 1902.

Petition for mandamus. Before Judge Gober. Fannin superior court. October 23, 1901.

*Smith, Hammond & Smith,* for plaintiff.
*N. A. Morris,* for defendant.

LUMPKIN, P. J. In the year 1900 the County of Fannin issued bonds to the amount of $21,000, for the purpose of raising money with which to build a court-house. During that year Thomas J. Wilson was ordinary, his term expiring December 31. He was succeeded in office by M. J. German, whose term began on the 1st day of January, 1901. On the last day of the year 1900, Wilson, in his official capacity as ordinary, sold the entire issue of bonds to Roby Robinson for $21,000. The purchaser paid for the bonds by drawing a check on the Maddox-Rucker Banking Company, of Atlanta. It was, however, agreed in writing between Wilson, as

ordinary, and Robinson that certain orders which the former had drawn on the county treasurer, amounting to $12,039.09, and which were held by the Neal Loan & Banking Company, of Atlanta, should be paid out of the $21,000 represented by the check. These orders were in fact paid, and this left of the twenty-one thousand dollars $8,960.91. After the 1st of January, 1901, German, as the successor in office of Wilson, collected the sum last mentioned from the Maddox-Rucker Banking Company. Subsequently German proceeded to pay therefrom various county orders which had been drawn by Wilson, his predecessor in office, in payment for work done in the erection of the court-house. On the 3d day of May, 1901, James P. Aaron, the treasurer of Fannin county, made a demand upon German, as ordinary, for $21,000, the gross amount of the proceeds of the bonds. This demand was refused; and shortly thereafter Aaron, as treasurer, brought against German, as ordinary, a petition for mandamus, the purpose of which was to require the defendant to pay over to the plaintiff the sum of $21,000, or at least the $8,960.91 left of the fund after the completion of the above-mentioned transaction between Wilson, as ordinary, and Robinson, the purchaser of the bonds. This petition was served on German on the 23d day of May, 1901. On May 10, which was after the demand had been made by Aaron but before service upon German, the latter paid out of the fund in his hands $380 for furniture which had been placed in the new court-house. It appeared, when the hearing of the application for mandamus came on, that German, after making the payment last referred to, had in his hands of the amount originally collected by him from the Maddox-Rucker Banking Company $2,671.70. It was in the petition alleged that the defendant had not furnished to the plaintiff any statement whatever of the orders which had been drawn either by himself or his predecessor in office upon the fund realized by the sale of the bonds; and before the hearing of the application for mandamus was had, the plaintiff amended his petition by praying that the defendant be required to furnish him with " a full statement of all orders issued, payable out of the proceeds realized by the sale of said issue of bonds, as required by law." Upon the hearing the facts above recited were made to appear. There was no demurrer to the petition, and the case was, by consent of the parties, tried by the judge without the intervention of a jury. He rendered a judgment in the fol-

lowing words: "After hearing the evidence in this case and the argument of counsel, mandamus absolute is granted requiring defendant to deliver within five days to plaintiff the funds now in his hands as admitted in his answer, to wit, twenty-six hundred and seventy-one and 70/100 ($2,671.70) dollars. As to the rest of the application, mandamus is denied. It not appearing that the defendant has issued any orders against said fund since his incumbency of the office, that part of the application for mandamus is denied."

1. It is obvious that in no view of the case was German accountable to the county treasurer for the $12,039.09 which was disposed of by his predecessor in office. German did, however, in his official capacity as ordinary, receive and take control of $8,960.91 of the proceeds of the bonds, and accordingly he was, upon the theory presented by the plaintiff's petition (to which, as has been remarked, there was no demurrer), under a legal duty to turn the same over to the county treasurer, and could by mandamus be compelled to do so. The judgment of his honor of the trial court was necessarily predicated upon the idea that German could thus be required to make a settlement with Aaron, the treasurer; for, to the extent above indicated, a mandamus absolute was granted. The judge, however, only directed German, as ordinary, to pay over to the treasurer the amount which was on hand at the time of the trial. In view of the pleadings and evidence, we are unable to perceive why the mandamus absolute should not have been made operative as to the gross sum of $8,960.91 which went into the hands of German. It was his duty, after collecting this amount, to pay over the whole of it to the treasurer; for, as ordinary, he had no authority of law for disbursing one cent thereof. Section 458 of the Political Code expressly declares that: "All county funds are to be paid to and disbursed by the county treasurer, except such as may be specially excepted by law, and then to be collected and disbursed as specially directed." Neither by demurrer nor by answer did the defendant present the contention that under any exception to this provision of the law he had a right to disburse this money. The bill of exceptions sued out by Aaron distinctly presents the point that the judge erred in failing and refusing to make the mandamus absolute to the extent of requiring the defendant to pay over to the plaintiff the sum of $8,960.91. We are decidedly of the opinion that this exception is well taken. The mandamus absolute, if

granted at all, should have covered the whole amount for which German was accountable, and not merely the balance which he retained in his hands after making an unauthorized disposition of the greater portion of the fund he had collected.

2. By the petition as amended the plaintiff distinctly set up a right to have from German a statement of the orders which had been drawn by his predecessor in office upon the fund realized from the sale of the bonds. The Political Code, §464, makes it the duty of the ordinary to furnish to the county treasurer "a full statement of all orders issued." The defendant did not, by demurrer or otherwise, challenge the alleged right of the plaintiff to have the statement thus demanded, and the proof showed that no such statement had been furnished. Upon these facts it was the duty of the judge to grant a mandamus requiring German to furnish the treasurer with a statement covering all orders drawn against the fund raised for the purpose of building the new court-house.

*Judgment reversed. All the Justices concurring.*