## SAPP, treasurer, *v.* DeLACY.

127  659
e130  125
130  127
130  3&2

1. A writ of mandamus will not issue against a public officer to compel the performance by him of acts which do not come within his official duty.

2. The county authorities,—that is, the ordinary or the board of county commissioners, as the case may be,—are invested with full authority to lease and hire out misdemeanor convicts, and it is their duty to receive and disburse the funds arising as compensation for services of the convicts.

3. In disbursing the funds arising from the hire of misdemeanor convicts the county authorities shall first apply the same to the payment of the fees of the officers of the court. This application is to be made by first taking from the hire the costs in the particular case, including the fees of the witnesses, then discharging the orders of the officers of court for insolvent costs in other cases, and paying into the county treasury only whatever balance may remain.

4. The county treasurer has no authority to pay out any sum received from the county authorities, arising from the hire of convicts, to judgments in favor of officers of court for insolvent costs. This is no part of his official duty.

Submitted July 18, 1906.—Decided February 15, 1907.

Mandamus. Before Judge Martin. Dodge superior court. June 2, 1906.

John F. DeLacy filed a petition for mandamus against the county treasurer of Dodge county, alleging, that he was, during the years 1903 and 1904, solicitor-general of the Oconee circuit, which embraced the county of Dodge; that during these years he rendered service in misdemeanor cases in the superior court, and a large amount of money was realized from the hire of persons convicted in such cases, which money is now in the treasury of the county, and that he has an unpaid judgment, duly rendered in his favor, for insolvent costs amounting to $1,736.85. Attached to the petition is a statement showing the amount of insolvent costs embraced in that judgment, as well as the amount of convict hire which has been paid into the county treasury from persons convicted during the years named; and it is alleged that these amounts are subject to the judgment. It is alleged that in the case of *Barron* v. *Terrell,* 124 *Ga.* 1077, the Supreme Court decided that funds arising from the hire of misdemeanor convicts shall be first applied to the fees of the officers of the court, by taking from such hire the costs due in the particular cases, including the fees of witnesses, then discharging orders for insolvent costs due officers in other cases, and

paying into the county treasury whatever balance may then remain. It is further alleged, that the hire of the misdemeanor convicts, during the years above referred to, was not applied in accordance with the law and the decision of the Supreme Court, and the plaintiff was only paid out of such hire his costs in the particular cases, and the remainder was paid into the county treasury, without any portion being paid on the judgment in his favor for insolvent costs in other cases; that no part ever passed through his hands, but that all of it was received by the ordinary, who, after paying plaintiff his costs in the particular cases, retained it, and, without his consent, paid it over to the county treasurer, under a misapprehension and mistake of the law on the part of the ordinary. It is alleged, that under the circumstances, the county ought not to retain and withhold from plaintiff the amounts due him for his insolvent costs, and that the law implied a promise, on the part of the county and the officers in control and managing its finances, to pay said fund to the parties lawfully entitled thereto; that the plaintiff is entitled to the same, or to so much of it as may be necessary to discharge his orders; that money paid into the county treasury by mistake is recoverable by the parties to whom it belongs in equity and good conscience, and that the money does not belong to the county, but belongs to plaintiff on his insolvent orders. It is further alleged that the amount paid into the treasury is largely in excess of the sum due plaintiff on his judgment for insolvent costs; and that he has demanded of the treasurer payment of his judgment, and the treasurer has refused to pay the same. The prayer is for mandamus compelling the county treasurer to pay the judgment. To this petition the county treasurer filed both a demurrer and an answer. The judge overruled the demurrer and entered judgment making the mandamus absolute. The county treasurer excepted.

  *W. M. Clements* and *W. L. & Warren Grice,* for plaintiff in error.
  *DeLacy & Bishop* and *D. M. Roberts & Son,* contra.

  COBB, P. J. (After stating the facts.) In the view which we take of the case it is only necessary to determine the question raised by the demurrer to the petition. The demurrer was upon the ground that it did not appear that the county treasurer had failed to discharge any official duty which the law imposed upon him. The Penal Code, §1097, declares: "When a county hires out con-

victs, the money received as compensation for their labor shall be applied to the payment of the fees of the officers of court, including justices and constables who rendered services in such cases, and to the witnesses' fees, and the balance shall be paid into the county treasury for county purposes." In *Barron* v. *Terrell,* 124 *Ga.* 1077, it was held that this provision of the Penal Code was not so limited as to require only the costs in the particular case to be paid, but that, after paying the costs in the particular case, the remainder of the fund arising from the hire of convicts should be applied to discharging orders of the officers of the court for insolvent costs in other cases, and that the amount to be paid into the treasury of the county was any balance that might remain after the payments above referred to had been made. See also *Pulaski County* v. *DeLacy,* 114 *Ga.* 583. Under the law the county authorities, whether the ordinary or the board of county commissioners, are invested with full authority to lease and hire out misdemeanor convicts, and receive and disburse all the funds arising as compensation for the services of the convicts. *Holtzclaw* v. *Riley,* 113 *Ga.* 1023. The county authorities make the contracts for the hiring of the convicts, and they collect the amounts due on such contracts from the hirer. The duty is imposed upon such county authorities to disburse the hire so collected in the manner prescribed by law, and the manner prescribed by law is that laid down in the case of *Barron* v. *Terrell,* supra. After all the legal claims against the fund in the hands of the county authorities have been paid, it becomes the duty of such authorities to pay the balance into the hands of the county treasurer. He receives such balance as county funds, and has authority to pay it out only under authority of law. When the county authorities pay over to a county treasurer any sum arising from the hire of convicts, the county treasurer has a right to assume that all liens in favor of officers of the court have been discharged. This necessarily results from the fact that the law imposes upon county authorities the duty to discharge all such liens before paying the fund to the county treasurer. We know of no law which requires a county treasurer, as a part of his official duty, to pay out on judgments in favor of the officers of court, for insolvent costs, funds in his hands paid over by the county authorities to him arising from the hire of convicts. The writ of mandamus can not be used to

compel a public official to do an act which it is not his official duty
to perform.  *Holtzclaw* v. *Riley*, supra.  It is said that the act of
1903 (Acts of 1903, p. 68), amending the act of 1897, which cre-
ated the prison commission, places money arising from the hire
of convicts in the county treasury upon the same basis as money
in the hands of the county treasurer arising from fines and for-
feitures.  The act referred to deals with cases where, for some
reason, the prison commission has authority to take charge of
the misdemeanor convicts of a county and hire them out to another
county or municipality and to collect the hire.  In such cases the
law provides that the net proceeds arising from the hire so col-
lected by the prison commission shall "go into the treasury of
the county, to be kept in the fines and forfeiture fund."  In the
case of *Barron* v. *Terrell*, supra, this provision of the act of 1903
was dealt with as throwing light upon the interpretation to be
placed on §1097 of the Penal Code.  But the case of *Barron* v.
*Terrell* did not involve any question as to what officer should dis-
burse the fund arising from the hire of convicts.  It held that
judgments in favor of the officers of court for insolvent costs were
liens upon such fund; and this was the extent of the ruling.  As
a matter of fact, in that case the proceeding was against the
ordinary, the officer who, under the law, is required to pay the
officers of court the amounts due them before any amount is paid
into the county treasury.  It may be that in the cases provided
for under the act of 1903 the officers would have a remedy by
mandamus against the county treasurer, to compel the payment
of their judgments out of funds received by the county treasurer
from the prison commission, arising from the hire of misde-
meanor convicts.  That act does not require the prison commis-
sion to disburse the fund, so far as the claims of the officers are
concerned, but it is required that the net amount,—that is, the
amount collected by them after deducting the expenses of collec-
tion and other expenses incident to the control of the convicts,—
shall be paid into the county treasury.  But it is not necessary
to determine in this case whether there would be a right to manda-
mus the county treasurer in such a case; for the reason that no
part of the fund in question was received by the county treasurer
from the prison commission.  It not appearing, from the aver-
ments of the petition, that there has been a failure on the part

of the county treasurer to discharge any official duty, the court erred in overruling the demurrer to the petition. We do not mean to say that if the county authorities either inadvertently or by mistake, or even intentionally, paid over to the county treasurer the fund arising from the hire of convicts, without discharging the lien thereon in favor of the officers of the court for insolvent costs, such officers would be without remedy, provided, of course, they were not guilty of laches in asserting their lien; but we are clear in the opinion that the remedy is not by mandamus against the county treasurer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

*W. M. Clements* and *W. L. & Warren Grice,* for plaintiff in error.
   *E. D. Graham* and *S. W. Harris,* contra.