## 8761.  KENT *v.* WHEELER COUNTY.

1. An action against a county, to recover an amount alleged to be due and "evidenced by certain warrants drawn upon the treasurer of said county for their respective amounts [not further described], which are and were legal charges against" the county; and the payment of which had been refused by the treasurer, was not amendable by making the treasurer a party defendant, and by praying that he be required by mandamus to pay the warrants referred to.
2. A county is not legally liable to a deposed officer for "future services."
3. If a county treasurer improperly refuses to pay legal warrants drawn upon him, the remedy is by mandamus against him, and not by direct suit against the county.

DECIDED NOVEMBER 2, 1917.

Complaint; from Wheeler superior court—Judge Graham. March 9, 1917.

*W. B. Kent, Lee Godfrey, L. C. Harrell,* for plaintiff.

*W. S. Mann, A. C. Saffold,* for defendant.

BLOODWORTH, J.  W. B. Kent brought suit against the County of Wheeler, and alleged, that from January 14, 1913, until June 5, 1916, he was the duly commissioned ordinary of that county; that during that time the county became indebted to him in the sum of $2,000; "that said indebtedness is evidenced by certain warrants drawn upon the treasurer of said county for their respective amounts, which are and were legal charges against the

15

said County of Wheeler, and were duly and within the time required by law presented to the treasurer of said county for payment, and the said treasurer unlawfully and without legal cause refused to pay the same; . . copies of said warrants are hereto attached; that the same were presented to the treasurer for payment and payment refused immediately after the same were drawn and in less than twelve months from the date the same became due; . . that [petitioner] was removed from office by an order of the judge of the superior court on the 5th day of June, 1916; and that previous to that time, and since January 1, 1916, the said County of Wheeler became indebted to him for future services in the sum of $1,000; an itemized statement of the same is hereto attached, referred to, and made a part of this petition." Plaintiff sought to amend the petition by making the county treasurer a party to the suit, and praying for the issuance of a writ of mandamus, requiring him to pay the warrants described in the petition. The court refused to allow the amendment. The defendant filed a demurrer on grounds which in part were as follows: "1st. The facts alleged in said petition are insufficient in law to authorize the relief prayed for. 2d. The defendant is not subject to suit in the manner and form alleged and as the suit is brought. The plaintiff's remedy, if any remedy lies for the facts alleged, is that of mandamus against the treasurer of said county to pay the warrants sued upon. 3d. The petition does not purport to set out the nature of said cause of action, but refers to a copy account alleged to be attached, and there is no intelligible copy cause of action attached to said petition." The demurrer was sustained and the plaintiff excepted.

The errors complained of are: First, the refusal of the judge to allow the amendment "in which it was sought to make the county treasurer a party to the cause of action and issue an order in the name of a mandamus requiring the said county treasurer to show cause why he should not be required to pay the said county orders sued upon in the said suit of the plaintiff." The refusal to allow the amendment was proper, because it was not germane to the original cause of action, and its effect would be to add a new and distinct party. Civil Code (1910), § 5683. See also *Hunnicutt* v. *Stone*, 85 *Ga.* 435 (11 S. E. 663); *Arnett* v. *Commissioners of Decatur County*, 75 *Ga.* 782.

The second assignment of error is that the petition was dismissed on demurrer: It will be noticed that the plaintiff alleges in his petition that the county was indebted to him for "failure to pay certain warrants drawn upon the treasurer of said county," and "for future services in the sum of $1000; an itemized statement of the same is hereto attached." The plaintiff neglected to attach to his petition the bill of particulars, after alleging that he had done so. The Civil Code (1910), § 384, provides: "A county is not liable to suit for any cause of action unless made so by statute." We know of no law which would make a county liable to a deposed ordinary for "future services;" and when lawful warrants are drawn against the county, and the treasurer improperly refuses to pay them, the remedy is by mandamus against the treasurer, and not by direct suit against the county. See Civil Code (1910), § 3102; *Neal Loan & Banking Co.* v. *Chastain*, 121 *Ga.* 500 (49 S. E. 618); *Pulaski County* v. *DeLacy*, 114 *Ga.* 583 (40 S. E. 741).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*