## HILL *v.* HIXON, sheriff.

FISH, C. J.   A constable levied on personalty an attachment issued by a justice of the peace, returnable to a city court.   In pursuance of an agreement of the parties, made by their attorneys at law, the constable sold the property on a given date and delivered the proceeds of sale to the sheriff of the county, who was also the sheriff of the city court, to be held by him until the final determination of the rights of the parties.   Subsequently,. and before the term of the city court to which the attachment was returnable, the defendant. presented to the sheriff a bond in substantially double the amount of the fund in his hands, with sureties, payable to the plaintiff in attachment, for the eventual condemnation-money, and demanded its acceptance by the sheriff and the delivery of the fund in his hands to the defendant.   The sheriff refused to comply with such demand.   Thereupon the defendant presented to the judge of the superior court his petition against the sheriff, setting forth in substance the facts as above stated, and praying that the judge order the sheriff to show 'cause why he should not comply with the demand to accept the bond and to pay over the fund in his hands to petitioner.   Upon the hearing set by the judge, which was in term time, the sheriff answered, admitting substantially the allegations of the petition, but contending, among other things, that the prayers of the petition should not be granted.   The judge ruled that he had *no authority to order the sheriff to pay the fund* in his hands to petitioner.   *Held,* that the judge did not err in rendering this judgment.   No replevy bond was given by the defendant, as provided in such an attachment case.   Civil Code (1910), § 5113.   The agreement between the parties that the constable should sell the property on a given date and deliver the proceeds of sale to the sheriff, to be held by him until the final disposition of. the case, controls the rights of the parties, and the provision of the Civil Code just cited, allowing the defendant in attachment to replevy the property, does not apply. Under the agreement the sheriff holds the fund as a mere stakeholder;   and it not being, in the circumstances, his official duty to accept the bond and pay over the fund to the* defendant in attachment,

he could not be required to do so by mandamus. Civil Code (1910), § 5440; *Sapp* v. *DeLacy*, 127 *Ga.* 659 (56 S. E. 754).

*Judgment affirmed. All the Justices concur, except George, J., absent.*

No. 2284. MARCH 16, 1921.

Petition for mandamus. Before Judge Park. Greene superior court. February 14, 1920.

*M. C. Few,* for plaintiff. *Noel P. Park,* for defendant.