## JOHNSON *v.* GOINS.

1. Under the Civil Code (1910), § 4801, an ordinary who has costs due him by executors, administrators, or guardians, is empowered, upon failure of such executors, etc., to pay the same, to issue a fi. fa. at a regular term of court against such executors, administrators, or guardians, for the amount due for costs at the time of said demand. In such case the fi. fa. is not invalid because it is signed by the ordinary himself instead of by the clerk of such ordinary.

2. Under the Civil Code (1910), § 3274, property mortgaged may be sold under other process, subject to the lien of the mortgage. If the mortgage is foreclosed, the mortgagee may place his execution in the hands of the officer of the law making the sale, and cause the title unincumbered to be sold, and claim the proceeds according to the date of his lien.

3. Where an administrator fails or refuses to pay the cost incident to the administration of an estate, and there is property belonging to the estate unadministered, on which there is a mortgage unsatisfied, which was created by the decedent in his lifetime, it is competent for the ordinary to cite the administrator to appear before him and show cause why he should not or could not pay the cost, and, on his failing to do so, that an order be passed authorizing the sale of the property, or so much thereof as is necessary to pay the cost of administration, free from any mortgage or judgment liens that might be against such property. A sale under such an order would have the effect of selling, not only the equity of redemption, but the entire title to the property.

4. Whether on the sale of the entire title to the property by order of the court, or by consent of the mortgagee by placing his execution in the hands of the officer of the law making the sale and causing the title unincumbered to be sold, so much of the proceeds of the sale as is necessary to satisfy the cost fi. fa. would take precedence over the claim of the mortgagee, under the Civil Code (1910), § 4000 (3), is not now for decision.

No. 3613.    FEBRUARY 13, 1924.

Claim.   Before Judge Custer.   Calhoun superior court.   January 20, 1923.

*E. L. Smith,* for plaintiff.    *A. L. Miller,* contra.

HILL, J. Beauregard Johnson foreclosed a mortgage dated January 5, 1915, and recorded January 8, 1915, against Sallie Johnson as administratrix of the estate of James Johnson, deceased, on a certain house and lots in the town of Edison, and a mortgage fi. fa. was issued thereon, which was levied by the sheriff upon the house and lots in order to satisfy the fi. fa. Idel Goins filed her claim to the property, and on the trial of the issue in the superior court the jury returned a verdict for the claimant. The plaintiff in fi. fa. filed a motion for new trial, upon various grounds, which was overruled and he excepted.

1. On the trial of the case the plaintiff introduced in evidence the mortgage fi. fa., the foreclosure proceedings, and certain parol evidence tending to show the location and value of the property levied upon. The claimant introduced in evidence a cost fi. fa. issued by "A. I. Monroe, Ordinary," of Calhoun County, dated October 7, 1918, and a sheriff's deed reciting that, after advertising as required by law, the property in controversy was sold under the cost fi. fa. and was bought at the sheriff's sale by A. L. Miller; also a deed from A. L. Miller to Idel Goins, the claimant. The cost fi. fa. showed that the defendant in fi. fa. was the administratrix of the mortgagor, James Johnson, deceased. The plaintiff in error insists that the ordinary had no authority to issue a cost fi. fa. from his own court, and cites in support of his contention Civil Code (1910), § 4808, which defines the duties of clerks of ordinaries, and ordinaries themselves. That section contains this language: "It is the duty of such clerks, or the ordinaries acting as such, . . (4) To issue all fi. fas. for costs on all judgments of the ordinary, or other process necessary to enforce them," etc. This code section is taken from the act of 1883 (Acts 1882-3, p. 70). It will be observed that in pointing out the duties of such clerks, "or ordinaries acting as such," they are authorized to do the things named in the act. In the instant case the ordinary either had no clerk or he was acting as his own clerk, for the fi. fa. was signed in his own name as ordinary. Besides what has been said above, the legislature in 1887 (Acts 1887, p. 54), passed an act which is now embodied in the Civil Code (1910), § 4801. That act was passed subsequently to the act of 1883, supra, and is as follows: "Whenever the ordinary shall have any costs due him by executors, administrators, or guardians, upon failure to pay the

same on demand made, he is empowered to issue a fi. fa. at any regular term of said court against said executors, administrators, or guardians, for the amount due for costs at the time of said demand." The cost fi. fa. in the present case, issued and signed by the ordinary, falls within the language of the section just cited. The fi. fa. was issued in accordance with the provisions of that act. We are therefore of the opinion that the ordinary of Calhoun County had express authority to issue the cost fi. fa. in question, and that the contention of the plaintiff in error as to this point is without merit.

The first ground of objection urged by the plaintiff in fi. fa., that the execution did not appear to have been issued "at any term or during any term of the court of ordinary," was expressly abandoned on argument here, and therefore will not be considered. The third ground of objection urged against the cost fi. fa., "that the paper attached to the execution purporting to be a bill of costs appears to be fees due the ordinary, and not costs in any case, and it not appearing that the execution issued for costs," was also abandoned.

2. The Civil Code (1910), § 3274, provides that "Property mortgaged may be sold under other process, subject to the lien of the mortgage. If the mortgage is foreclosed, the mortgagee may place his execution in the hands of the officer of the law making the sale, and cause the title unencumbered to be sold, and claim the proceeds according to the date of his lien." In *Doane* v. *Chittenden, 25 Ga.* 103, 108, it was stated and held as follows: "The owner of a city lot mortgages it in 1855; in September, 1856, a tax execution is issued to collect the tax due by the mortgagor for 1856, and sells, not the equity of redemption, but the whole property, a property worth six or seven thousand dollars, for less than one hundred dollars. *Held,* that the lien of the mortgage is not divested by the sale." Lumpkin, J., delivering the opinion of the court said: "The error in this matter consists in having sold the whole property, when the equity of redemption, or the property subject to the mortgage incumbrance, was all that could have been sold under the tax execution against James T. Doane, and that, as the testimony shows, was sufficient to have paid the debt many times over. . . That the public revenue must be collected, all agree. But the power to collect taxes, even in favor of the sover-

eign State, much less these municipal corporations, is not so omnipotent as counsel imagines. The authority of the government is always tempered with wisdom and justice, as well as mercy. Hence the provision of the act of 1840 (Cobb, 1072), giving to the citizen the right to claim property not subject to a tax-collector's execution. I have discussed this question as though the grant of power to this corporation to levy and collect taxes elevated it to an equality of right with the State itself. I am far, however, from entertaining such an opinion. On the contrary, I hold that they are amenable to the law for the abuse of their power; and subject to judicial control, the same as individuals, except where exceptions and immunities have been conferred by the sovereign power that brought them into being." This decision has never been reversed or overruled so far as we are aware; and it is authority for the position that where property is sold under a tax fi. fa., upon which there is a pre-existing mortgage, only the equity of redemption can be sold. We are of the opinion that, construing together Civil Code §§ 3274, 4801, and 4808, when the cost fi. fa. in the present case was levied upon land of the decedent in order to satisfy that fi. fa., only the equity of redemption could be sold.

3. Where, in a case like the present, the administrator fails or refuses to pay the cost incident to the administration of the estate, and there is property belonging to the estate on which there is a mortgage which was given by the decedent in his lifetime, unadministered, then and in that event it would be competent for the ordinary to cite the administrator to appear before him in order to show cause why he should not or could not pay the cost, and, failing to do that, that an order might be passed authorizing the sale of the property, or so much thereof as is necessary to pay the cost of administration, free from any mortgage or judgment liens that might be against such property. A sale under such order would have the effect of selling, not only the equity of redemption, but the entire title to the property, and a purchaser at such sale would get the title free from any incumbrance or liens. But that was not done in this case.

4. As to whether, under the sale of the property by order of the court, as indicated above, or where the entire property is sold by the consent of the mortgagee by placing his execution in the hands of the officer of the law making the sale, and causing the title unin-

cumbered to be sold, so much of the proceeds of such sale as is necessary to satisfy the cost fi. fa., would take precedence over the claim of the mortgagee under the Civil Code (1910), § 4000 (3). is not now for decision.

*Judgment reversed.    All the Justices concur, except Russell, C. J., dissenting.*

ATKINSON and HINES, JJ., concur specially.