## SHARP *v.* McALPIN, ordinary.

Under the statute contained in the Civil Code, § 5443, the writ of mandamus will not be granted when it is manifest that the writ would for any cause be nugatory or fruitless. And under the rule found in the Civil Code, § 5440, the writ of mandamus will not issue where there is another existing remedy. Applying either of these statutes to the facts of this case, the court did not err in overruling the demurrer to the answer filed by the respondent, nor in refusing a mandamus absolute.

No. 5144.    APRIL 16, 1926.

Petition for mandamus. Before Judge Meldrim. Chatham superior court. September 29, 1925.

*Don H. Clark,* for plaintiff.

BECK, P. J. Mrs. Laura P. Sharp presented her petition for the writ of mandamus against Henry McAlpin, ordinary of Chatham County, and in the petition showed that she was the widow of Daniel Sharp, who died intestate, leaving a lot of land with a house and improvements thereon, of the value of $2,500, in the City of Savannah; that subsequently to the death of her husband the applicant for the writ of mandamus presented to the respondent her petition for the grant of a year's support; that the respondent appointed five appraisers to set apart and assign to applicant a year's support from the property referred to, which was the only property left by the decedent, and the administrator was duly served; that afterwards the relator requested the defendant to require the appraisers to perform their duties as such and make their return as by law required, "which request so to permit and direct said appraisers to act said defendant did refuse and deny." The prayer was for the writ of mandamus requiring the defendant "to permit a petition for a year's support, as required by law, to be filed in the court of ordinary, and requiring him to appoint appraisers to pass upon the application for a year's support, and that he be required to issue to the appraisers the process of the court under which they shall perform their several duties as appraisers; that he be required to permit said appraisers to perform the several duties of their office and to make the return required by law; and that he further be required, after said appraisers shall have performed their duties, to act thereon, as by law required." A mandamus nisi was issued. The defendant answered, and in

Mandamus, 38 C. J. p. 551, n. 18; p. 565, n. 24; p. 568, n. 41.

his answer showed that the relator had previously entered into a written agreement with her children, the other heirs of her husband, by which she elected to take a life-interest in the estate, and in ratification of this written agreement entered into actual, peaceable, open possession of the lot of land which constituted the entire estate of her deceased husband; that the defendant had appointed five appraisers, and that the same defendant did issue an order and notice to be served on the administrator to show cause why the application for a year's support should not be granted to the applicant, and the administrator filed an answer objecting to the granting of a year's support, because the applicant therefor had already accepted, by agreement, a lesser estate, and had gone into possession of the same, and that upon the hearing of this issue by the ordinary of Chatham County, the ordinary, the defendant, rendered his judgment on the 11th day of June, 1925, deciding that the objections raised in the answer of the administrator were sustained and that the application for a year's support referred to in relator's application for mandamus should be denied on the grounds that the widow, under the facts of the case, knowledge of which defendant derived from the records of his court, had no legal right to a year's support, because of the agreement referred to above and the selection by the widow of a life-estate in the property, and that it would be a useless formality to issue an order of citation to the appraisers of said estate. Counsel for the applicant was present and participated in the hearing; and after the decision of the ordinary was rendered denying the application for a year's support, "relator's counsel appealed the case to the superior court, where it is now pending." The ordinary further answered that Mrs. Sharp, the applicant, on April 16, 1925, gave to the administrator of Daniel Sharp a receipt acknowledging to have received from him $365 in payment of the income and profits derived from the estate of the decedent, and further acknowledged that she had received from the administrator the use of the house and premises which constituted the estate of the decedent.

The applicant demurred to the answer, which demurrer the court below overruled, and the applicant excepted. The court, after considering the allegations in the pleadings, no evidence having been submitted, denied the mandamus absolute.

The plaintiff in error did not contest the allegations of fact

in the answer to the petition for mandamus, which was sworn to, and the court did not err in overruling the demurrer to the answer and refusing the mandamus absolute. "Mandamus will not be granted when it is manifest that the writ would for any cause be nugatory or fruitless." Civil Code, § 5443. Besides this, it appears that the applicant had elected to appeal from the decision of the ordinary; and mandamus will not lie when there is another existing remedy. Civil Code, § 5440. Whether the applicant should have entered an appeal or sued out a writ of certiorari to the decision of the ordinary when the hearing was had before that official, we do not now decide, as the complete record of that hearing is not before us. But the applicant had, either by certiorari or appeal, a remedy for any error of the ordinary, if one was committed, and could not neglect the remedy whereby any error of the ordinary could be cured, and afterwards resort to mandamus proceedings.　　*Judgment affirmed.　All the Justices concur.*