HEAD, ordinary. *v.* WALDRUP.

No. 13935. NOVEMBER 12, 1941.

*Ernest M. Smith* and *Joel B. Mallet,* for plaintiff in error.

*S. B. Wallace, Joseph. R. Cumming,* and *Claude Christopher,* contra.

DUCKWORTH, Justice. The plaintiff in error contends that the judgments complained of are erroneous, for two reasons: (1) J. L. Bailey is the legally appointed and qualified administrator de bonis non of the Maddox estate; and (2) the action of the ordinary in refusing to issue citation and have the same published on the application of petitioner was a judicial decision, and specific procedure is provided for review by appeal or certiorari, and hence mandamus is not an available remedy.

■ "Administration de bonis non is granted upon an estate already partially administered, and from any cause unrepresented." Code, § 113-1209. The necessity for citation in such cases was decided in *Rusk* v. *Hill,* 117 *Ga.* 722 (6) (45 S. E. 42). It was there said: "No citation issued, but the ordinary, on the same day, passed an ex parte order granting the application. In so doing the ordinary acted without any shadow of authority. As was distinctly held in *Torrance* v. *McDougald,* 12 *Ga.* 526: 'Letters of administration, granted without the applicant's causing a citation to issue, and giving security, and taking the oath prescribed by law, are void; nor will a subsequent compliance with the statute in the two last particulars cure the defect, notice being indispensable.' No one interested in the administration of the estate of William J. Rusk having been given legal notice of Berry's application and thus afforded an opportunity to appear before the ordinary in resistance thereto, it follows that no one was bound by his order, and that for this reason it should be treated as a mere nullity." To the same effect see *Davis* v. *Melton,* 51 *Ga. App.* 685 (181 S. E. 300). The facts in this case show that no citation was issued, and no previous notice was published, relating to the appointment of Bailey either on his application or on the application of any one else. His purported appointment was made at the same time and in the same order removing the administrator. Hence it was impossible to have complied with the requirement of law as to citation and notice. These facts show the invalidity of the appointment on the face of the record, and therefore it affirmatively appears from the record that the court was without jurisdiction. The appointment was made ex parte, and, as stated in the *Rusk* case,

supra, "in so doing the ordinary acted without any shadow of authority." The order of appointment being void for the reason stated, it is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. Code, § 110-709; *Jowers* v. *Kirkpatrick Hardware Co., 21 Ga. App.* 751 (94 S. E. 1044).

While it is insisted that the order appointing Bailey was reviewed and affirmed in *Maddox* v. *Waldrop, 60 Ga. App.* 702 (4 S. E. 2d, 684), and in *Waldrop* v. *Nolan, 192 Ga.* 234 (15 S. E. 2d, 225), neither of those cases involved the validity of Bailey's appointment. In the former, Waldrop attempted to appeal to the superior court from the order removing him; and the Court of Appeals held that his appeal was fatally defective in that a proper appeal bond was not given. In the latter the validity of the appointment of Bailey was in no wise involved, and nothing decided by this court relates to his appointment.

■ Where application for appointment as administrator de bonis non is made to the court of ordinary, it becomes the duty of the ordinary to issue citation thereon. Code, § 113-1212. This duty is mandatory, and its performance is not left to the discretion of the ordinary. It is not conditioned upon what the ordinary may then think will be his judgment on the merits of the application when he has obtained jurisdiction thereof, by citation and publication, to judicially determine the merits of such application. Issuance of citation and publication is the machinery which the law provides for getting the case before the court for adjudication. In thus executing the command of the statute in a manner specifically prescribed by law the ordinary exercises no discretion, but acts merely in a ministerial, rather than a judicial, capacity.

It is obvious that a mere clerk of the court of ordinary is not entrusted by law with judicial functions. His acts are all ministerial as distinguished from judicial. Ordinaries are by virtue of their offices clerks of their own courts, but they may at their own expense employ clerks. Code, § 24-1801; *Smith* v. *Stapler, 53 Ga.* 300; *Lay* v. *Sheppard, 112 Ga.* 111 (2) (37 S. E. 132); *Smallwood* v. *Kimball, 129 Ga.* 49 (2) (58 S. E. 640); *Weeks* v. *Hosch Lumber Co., 133 Ga.* 472 (66 S. E. 168, 134 Am. St. R. 213). Such appointed clerks may do all acts that the ordinaries could do, provided such acts are not judicial in nature. Code, § 24-1802. In

§ 24-1804, it is declared that "It is the duty of such clerks, or the ordinaries acting as such—1. To issue all citations required by law. . ." It is seen that the section last cited specifically provides that issuing all citations required by law is a ministerial duty which the clerk is authorized to perform; and that where there is no clerk and the ordinary performs this duty he acts in the capacity of clerk. This court has held that in granting temporary letters of administration, which is a function of the ordinary prescribed by statute, the ordinary acts in a ministerial rather than judicial capacity (*Irvine* v. *Wiley,* 145 *Ga.* 867 (2), 90 S. E. 69; *Collins* v. *Henry,* 155 *Ga.* 886, 118 S. E. 729), and that in issuing fi. fas. he acts in the capacity of clerk. *Johnson* v. *Goins,* 157 *Ga.* 430 (121 S. E. 830). In *Ex parte Carnochan, T. U. P. Charlton,* 216, the act of granting citation was defined as follows: "The granting of the citation, therefore, was a matter ex debito justitiæ." True the law at the time of that decision provided for a clerk of the court of ordinary, and made the issuance of citation a duty of the clerk; but the important question there decided was, not that it was a duty of the clerk to issue citation, but that the act of issuing such citation was ministerial and not judicial. We do not understand that the plaintiff in error contends that the ordinary can not be required, under the Code, § 64-101, by the writ of mandamus, to perform ministerial duties imposed upon him by law. *Coffee* v. *Ragsdale,* 112 *Ga.* 705 (2) (37 S. E. 968); *Aaron* v. *German,* 114 *Ga.* 587 (40 S. E. 713); *Hutcheson* v. *Manson,* 131 *Ga.* 264 (62 S. E. 189). Appeal lies from any *decision* made by the *court* of ordinary, except the appointment of temporary administrator. Code, § 6-201. Exceptions to proceedings or decisions in any cause in the court of ordinary are reviewable by writ of certiorari. Code, § 19-201. These remedies for review are available only in matters involving judicial decisions. *Daniels* v. *Commissioners of Pilotage of Savannah,* 147 *Ga.* 295 (93 S. E. 887); *Wofford Oil Co.* v. *Calhoun,* 183 *Ga.* 511 (189 S. E. 5).

But counsel for the ordinary in the present case cite, in addition to the statutes providing for appeal and certiorari, the following cases, which it is contended show that mandamus is not available as a remedy to the defendant in error: *Barksdale* v. *Cobb,* 16 *Ga.* 13, where this court stated that under both the old and the new law there was a recognized distinction between temporary administra-

tion, which could issue without citation and at any time, and pendente lite administration. The case there decided was an attempt to compel by mandamus the ordinary to grant pendente lite letters of administration while the issues made by a caveat to the will were being adjudicated; and this court held that the refusal to grant the letters applied for was a judicial act and therefore was reviewable, under both the old and the new law, only by an appeal to the superior court, and hence the remedy of mandamus was not available. That decision, after holding that the act of the ordinary was judicial, simply held that such act was reviewable by appeal only. The next case cited and relied on is *Sharp* v. *McAlpin*, 162 *Ga.* 159 (132 S. E. 891). There, despite the judgment of the court of ordinary sustaining the administrator's objections to the widow's application for a, year's support, she sought to compel further action on the part of the ordinary, and appointment of appraisers on her application for the year's support; and this court simply held that if the widow was dissatisfied with the judgment against her application, she had a remedy for the correction of any error in the judgment of the ordinary, either by certiorari or appeal, and could not neglect such remedy and afterwards resort to mandamus proceedings. The other case relied upon is *Cheek* v. *Eve*, 182 *Ga.* 30 (184 S. E. 700). In that case the ordinary declined to file the petition; and it was sought to compel him by the writ of mandamus to file the same. This court held that "the act of the court of ordinary was judicial," citing *Shiflett* v. *Dobson*, 180 *Ga.* 23 (177 S. E. 681), to support this holding. The case cited does not support the ruling, for the action of the court of ordinary complained of there was clearly a judicial decision; whereas in the *Cheek* case it was clearly ministerial. The law provides for filing petitions, but it vests no discretion in the clerk or ordinary in filing them. The petition in that case never became a court paper, for its filing was a prerequisite to its becoming a court paper; and until it became such the court could not act judicially thereon. Jurisdiction can be decided only in cases in court, and this paper never became a case in court. The refusal to file was the act complained of, and it was ministerial, and not reviewable by certiorari, as there held. Furthermore the decision was concurred in by only five Justices, one Justice dissenting. The decision is unsound, and is not binding upon this court. We disapprove of the ruling there made,

and refuse to follow it. For the reasons stated, none of the cases relied upon sustain the position of the plaintiff in error.

The petition stated a cause of action, and the court did not err in overruling the general demurrer. The admitted facts entitled the petitioner to the relief sought.

*Judgment affirmed. All the Justices concur.*