The State ex rel. Lane v. Craig.

THE STATE ex rel. LANE v. CRAIG, County Treasurer.

1. Mandamus to Compel County Treasurer to pay Coupons: COUNTY WARRANT. The holder of county interest coupons is not obliged to obtain a warrant on the county treasury before demanding payment. It is the duty of the treasurer, if he has funds, to pay on presentation of the coupons at the treasury. If he refuses, he may be compelled by mandamus. The fact that the funds have

been withdrawn by the county court since demand was made will be no defense to him; neither will the fact that the validity of the coupons is being contested by the county in another proceeding.

2. **Practice in Mandamus.** In a proceeding by mandamus to compel the county treasurer to pay county interest coupons out of funds in his hands, it is not necessary to file the coupons as exhibits.

*Appeal from Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

This was an information against Craig, as treasurer of Sullivan County, to compel him to pay certain interest coupons of bonds issued by the county to the St. Joseph & Iowa R. R. Co. The information alleged that the relator had presented the coupons to the respondent at their maturity and demanded payment, but the respondent had refused payment, although he had in his hands more than sufficient funds collected by taxation for the purpose of paying coupons of that class. An alternative writ was issued, to which respondent made return setting up the following among other defenses: 1. That relator had a remedy at law on his coupons against the county, and on the treasurer's bond. 2. That the application was based on written or printed promissory obligations of the county, which had not been filed in the case. 3. That the coupons were general obligations of the county, payable out of no particular fund, and as treasurer he has no right or power to pay them, except on a warrant regularly drawn by order of the county court. 4. That the bonds from which the coupons were detached were then in litigation before the supreme court of the state, in which their validity was being tested; and that the county court was by law vested with the exclusive control of all funds which could be applied to the payment of said coupons, as against respondent. 5. That long before this writ was sued out, and before the application therefor was made, though after demand of payment was made, the county court of Sullivan county, being then in session and having exclusive

control of the funds, drew its warrant on respondent as treasurer for the whole amount in his hands belonging to the railroad interest fund, and placed said funds on deposit with the Farmer's Loan and Trust Company, in the city of New York, where the same still remains for the payment of interest on the bonds mentioned in the petition; and that since said date he has had no funds in his hands to pay said coupons.

To this return the relator demurred generally; and the demurrer being sustained, after a trial upon the issues of fact presented by the other defenses and a finding in favor of the relator, a peremptory writ was awarded, and the respondent took this appeal.

*Waters & Winslow* for appellant.

The treasurer cannot pay these coupons without a warrant; he has no power to audit a claim against the county, Wag. Stat. 410, §§ 7; 28. Mandamus will not lie against him in the first instance. *State v. Bishop*, 42 Mo. 504; *State v. Mount*, 21 La. Ann. 352; 2 Dan. Neg. Instruments, 424 *et seq.*; nor after the money is withdrawn from the county treasury. Moses on Mandamus 99; *State v. Treasurer Callaway Co.*, 43 Mo. 228; *State v. Hays*, 49 Mo. 604; *State v. Lynch*, 8 Ohio St. 348; *State v. Waterman*, 5 Nev. 323. Relator's remedy is a judgment against the county followed by mandamus to enforce it. *State v. Pacific*, 61 Mo. 155; *State v. Howard Co. Ct.*, 39 Mo. 375.

*L. T. Hatfield* and *Charles L. Dobson* for relator.

The remedy upon the treasurer's bond is inadequate, and mandamus is the proper remedy. High on Ex. Leg. Rem., §§ 35, 351, 356; *Apgar v. Trustees*, 5 Vroom 308; *State v. Treasurer of Callaway Co.*, 43 Mo. 228; *Commonwealth v. Johnson*, 2 Binn. 275; Moses on Mandamus, 108, 109, 112. An action against the county was unnecessary, there being a fund provided. High Ex. Leg. Rem., § 357. The cou-

pons did not need to be filed. The proceeding is not a suit upon them. The object is to obtain a command to the treasurer to pay them when presented, not to obtain a judgment on them. He does not pay the judgment, but he pays the coupon. If it was necessary to file them in court, the relator could not withdraw them, and present them to and leave them with the treasurer, when paid. The treasurer is entitled to the coupons themselves, as his vouchers; and he could not be required to pay, except upon their presentation to him. The coupons are not "general obligations" of the county, in the sense that the treasurer may pay them out of any fund of the county. They are payable out of a particular fund—the "railroad interest fund." Wag Stat., 305, §§ 18, 21. It was unnecessary for the county court to order the drawing of a new warrant. The coupon is itself a warrant to all intents and purposes, the amount of which is already fixed by the court. *Clapp v. Cedar Co.*, 5 Iowa (Clarke) 44. The fact that litigation is pending does not affect these coupons. The doctrine of *lis pendens* does not apply to negotiable instruments. Dan. Neg. Instr., § 800; *State v. Dougherty*, 45 Mo. 294. The fact that after demand was made the funds were withdrawn is no defense. To constitute a defense it should be alleged that the county was ready, at the time and place named in the coupon, to pay, but that they were not presented. *Phil. & B. Cent. R. R. Co. v. Johnson*, 54 Pa. St. 127; High on Ex. Leg. Rem., § 357; *Hendricks v. Johnson*, 45 Miss. 644; Wag. Stat., 347, § 34. Even though the coupons are expressed to be payable in New York, presentation there is not a condition precedent to a suit upon them. Demand may be made at the county treasury. *Smith v. Tallapoosa Co.*, 2 Woods 574; *Wallace v. McConnell*, 13 Peters 148; *Irvine v. Withers*, 1 Stew. 234; *Montgomery v. Elliott*, 6 Ala. 701; *Shaw v. Bill*, 95 U. S. 10; 2 Dan. on Neg. Insts., § 1497.

SHERWOOD, C. J.—An amount amply adequate to pay

the coupons, was in the hands of the treasurer, belonging to the railroad interest fund. He ought, therefore, to have paid the money, thus applying the fund to the purpose for which it was collected. Discovering no substantial reason why the judgment should not be affirmed, we order its affirmance. All concur.

AFFIRMED.