JOSEPH MURPHY, TREASURER OF LAKE TOWNSHIP v. THE TREASURER OF REEDER TOWNSHIP.

*Mandamus to township treasurer.*

1. Mandamus to compel a township treasurer to pay a certain sum upon the order of the township board, was withheld where the treasurer set forth in his return to the order to show cause, that the township had by resolution directed him not to pay, and that there were no moneys in his hands with which to pay.

2. The return to an order to show cause is taken as true if no issue is made upon it.

Mandamus. Submitted April 9. Denied April 29.

*Pratt, Hatch & Davis* for relator.

*M. Brown* for respondent.

CHAMPLIN, J. The relator asks for a mandamus to compel the treasurer of the township of Reeder to pay him, as treasurer of the township of Lake, $1712.16. He alleges in his petition "that prior to the ninth day of July, A. D. 1883, the territory now composing the township of Lake aforesaid belonged to and formed a part of the township of Reeder, in said county of Missaukee; that said territory was, on or about the fourteenth day of October, A. D. 1882, detached from said township of Reeder, and erected into the present township of Lake; that the surveyed township number

twenty-two north of range eight west is embraced within and constitutes said township of Lake, and that the same, prior to said fourteenth day of October, A. D. 1882, was a part of the said township of Reeder ; that after division of the township of Reeder aforesaid by the organization of said township of Lake, and on the ninth day of July, A.D. 1883, the township boards of said townships of Reeder and Lake met in joint session, and apportioned between said townships all the money rights, credits, and personal estate possessed by said township of Reeder, except the money tax and highway labor assessed and collected for highway purposes within the limits of said surveyed township twenty-two north of range eight west; that thereupon said township boards adjourned to the fourth day of September, A. D. 1883, at which time they again met and determined that there was due to said Lake township from said township of Reeder, as money tax assessed and collected for highway purposes within the limits of said surveyed township, the sum of seventeen hundred and sixty-two dollars and sixteen cents, and thereupon the township board of said township of Reeder issued an order for said sum on the treasurer of said township of Reeder in favor of your petitioner, and delivered the same to the township board of said township of Lake, which said order is in the words and figures following, to wit :

"LAKE CITY, Sept. 4, 1883.

*To the Township Treasurer of Reeder Township:* Please pay to the treasurer of Lake township the sum of seventeen hundred and sixty-two dollars and sixteen cents ($1762.16), and charge the same to highway funds.

PETER S. GOURLEY.
GEO. W. FISHER.
J. J. QUICK."

Thereupon said township boards adjourned sine die. That at the time said order was issued said Peter S. Gourley, who was then supervisor and chairman of said township of Reeder, said George W. Fisher, who was then clerk of said township of Reeder, and said J. J. Quick, who was then justice of the peace of said township of Reeder, were met to-

gether as the township board of said township of Reeder, and signed said order in their official capacity, and while in session as such board. That funds for the ·express purpose of paying said order were raised by said township of Reeder, and were and still are, unless they have been by said treasurer misappropriated, in the hands of said treasurer of township of Reeder. That the relator on or about the twenty-fourth day of July, A. D. 1884, presented said order for payment to said treasurer of the township of Reeder, at his office in said township, who then and there refused to pay the same.

The treasurer of the township of Reeder answered, and the case has been presented to us upon such answer. He admits the official position of the relator; the division of the territory, and formation of a new township; the meeting and session of the joint boards, and the apportioning of all the moneys, except the money tax for highway purposes and highway labor; the subsequent joint meeting of the township boards; that it was determined that there was due to Lake township from Reeder township, as money assessed and collected for highway purposes within the township of Lake, $1762.16, and that the township board issued an order therefor, as stated in the petition. But he expressly avers that said determination was erroneous, in that the said joint boards made a mistake in the amount due to said township of Lake, in the sum of $1400, which said sum was highway money, and was expended in the said township of Lake in 1881, and ought to have been charged to that township in the settlement between it and Reeder, but was not done; and he denies that funds for the express purpose of paying the order were raised by the township of Reeder; and that such funds were and still are, or ever were, in his hands as treasurer of the township of Reeder, as charged. He admits the presentation of the order and request to pay the same, and his declining to do so, and he says that the reasons why he declined were—*first*, because the township of Reeder directed him not to do so by resolution (a copy of which he attached); *second*, because he had, when the order was pre-

sented, no money in his hands as township treasurer to pay such order, and had no money at the time of his answer to pay such order.

No issue was taken upon this answer, and we must take the statement of facts as true.

The showing made by the respondent we consider sufficient to excuse him from the payment of the order, under the facts stated, and the writ is denied, but without costs.

The other Justices concurred.