Wilson, J.
This was a proceeding in mandamus against the city treasurer of the city of Denver, to compel the application of moneys alleged to be in his hands belonging to the Twentieth street district sewer fund to the payment of warrants drawn on said fund, and belonging to plaintiff. It was claimed that these warrants were entitled to redemption by reason of prior presentation for payment and registration. This is the second appearance of the case in this court, it being previously reported in 10 Colo. App. 288. The proceeding was originally begun against Edwin F. Arthur, the then incumbent of the office, but while pending in this court in April, 1897, the respondent Sours, his successor, was substituted for him. The peremptory writ had been denied by the district court, and such judgment was by this court reversed. In remanding the cause, there being nothing in the record to show that the respondent during his incumbency in office had received any moneys belonging to the sewer fund and applicable to the redemption of warrants drawn against it, it was directed by this court that the plaintiff be permitted to make such showing as it could as to whether or not the respondent Sours had in his possession any funds applicable to the payment of petitioner’s warrants. In pursuance of this, plaintiff filed in the district court a supplementary petition, alleging that the respondent had collected and did have in his possession funds applicable to the redemption of such warrants, and that he had refused to pay the same. No answer was made, but by consent the matter was treated as if the respondent had filed answer denying the allegations of this supplementary complaint.
All other facts material to a proper understanding of the questions at issue are fully set forth in the former opinion of the court above cited. Upon hearing in the district court, *92 it was shown that since respondent Sours had been substituted in this court as a party defendant, he had collected about $2,600, belonging to the Twentieth street district sewer fund, and had disbursed the same by the redemption of and partial payment on warrants upon the fund first presented for payment and registration about seven years subsequent to those of plaintiff. About $400 of this amount he had paid out after the judgment of this court in the former case had been rendered. The peremptory writ was denied, and thereupon plaintiff again appeals to this court.
The first point made by appellee in his brief is that the denial of the peremptory writ against Arthur by the district court, although erroneous, was a protection both to him and to his successor Sours, until reversed by the appellate court, and that he was therefore protected in paying out these funds in the manner pursued by his predecessor. In reply to this, it is only, necessary to say that the district court did not in such proceeding, nor did it attempt to determine or adjudicate the proper method of payment to be followed by the treasurer. There was in full force and effect at the time, as held by this court in its former opinion, a statute peremptory in its terms, which prescribed the duties of the treasurer in this respect. Session Laws, 1881, p. 252. The district court did not undertake in the proceeding before it to construe this statute, and it was the plain duty of the respondent to have followed its provisions. That his predecessor ignored its terms, and that for some reason the petitioner was denied the peremptory writ of mandamus against him, was no excuse for tins respondent in refusing to obey a plain provision of law.
Another reason urged in favor of this judgment is that upon the hearing of the application in the district court, it appeared that the respondent had already disbursed the funds received by him applicable to the redemption of plaintiff’s warrants, that he had no money then in his hands belonging to that fund, and that the writ would therefore be unavailing if issued, because he would be unable to comply with it. *93 In support of this, we are cited to High on Extraordinary-Legal Remedies, § 117, where the general rule in such cases is laid down as follows :
“ Sec. 117. It is always a complete objection to interfering by mandamus, that the granting of the writ would he nugatory, and in the case of fiscal officers against whom the writ is sought, to compel the auditing or payment of a public indebtedness out of a public fund, it is sufficient to show that there are no funds in the hands of the officer appropriated to that purpose, since the writ will not lie to compel the performance of an act which the officer is powerless to perform.”
It is true that this is the existing rule as sustained by the best authorities, yet it is equally true, and is so stated by all of the authorities without exception, that this rule is not entitled to he and is not applicable where the impossibility of performing the act results from the respondent’s own act. In such case the rule is as stated by Mr. High: “ § 14: But it is important to observe that while the impossibility of performing the act sought by the writ is ordinarily a sufficient objection to the exercise of the jurisdiction, yet it is otherwise where such impossibility has been caused by the respondent’s own act, and in such case the courts may properly interfere, notwithstanding the alleged impossibility on the part of the respondent to do the act in question.” The slightest reflection wifi serve to show that this rule is based upon sound reason and just principle. If it were otherwise, it would be almost impossible to compel a fiscal officer to perform his duties as prescribed by law. It is difficult to conceive a case in which he could not easily evade the requirements of the statute prescribing his duties. If the rule contended for by appellee were correct,” then if the officer had applied the funds to his own use, he might with propriety say that he had no funds in possession, and therefore the writ could not properly issue. If such were the rule, the law would afford but slight protection to the public in securing a proper application of its funds, and claimants upon such funds would be depend *94 ent solely upon the unrestricted, will and pleasure of the officer. Statutes prescribing the order in which warrants drawn upon public funds should be redeemed would be absolutely nugatory, and serious detriment to the public credit would necessarily ensue. If the officer has properly received moneys, but has improperly and wrongfully paid them out, he cannot in the eyes of the law answer that they are not in his possession. It is his duty to have them, and the law conclusively presumes that he has. These views are supported by the most abundant authorities. Williams v. City of New Haven et al., 68 Conn. 263; State v. Stanton, 14 Utah, 181; In re Marvin, 15 N. Y. Supp. 500; Williamsport v. The Commonwealth, 90 Penn. St. 498; People v. Treanor et al., 44 N. Y. Supp. 528; Pouder et al. v. Tate, 132 Ind. 327.
Some attempt was made to claim that the writ should not issue against the respondent because there had been neglect of some of his predecessors in office to keep the registration book required by the statutes, and that plaintiff’s warrants had not been properly registered. This would fail as a legal excuse. The registration of a warrant is simply the entry hi the book of the date when it is presented for payment, and when payment is refused by reason of want of funds. In this case, it was shown and undisputed that on the next day subsequent to that when the respondent was substituted as a party to the proceeding pending in this court, he was given notice of the ownership by plaintiff of these warrants, and the warrants were exhibited to him, showing stamped upon their backs the date of then’ presentation for payment. He had full notice, therefore, and had no justification whatever for paying the moneys subsequently received by him on warrants presented for payment seven years after those ojE plaintiff.
It seems to have been the custom of this respondent and of his predecessors in office to make partial payments on warrants without waiting until they received a sufficient amount of money to entirely redeem a warrant by payment of its face and of accrued interest. It may be questionable as to whether the treasurer could be compelled to pay in this *95 manner, and the question not being raised distinctly, we shall not decide it. Undoubtedly, however, the plaintiff in this case was entitled to receive so much of the $2,600 collected by respondent as would have paid in full any one or more of its warrants, and the balance remaining after such application of the money should have been held, if the respondent had not desired to make a partial payment, until a sufficient amount had accumulated in his hands to redeem another warrant of plaintiff, and such was his duty until all of the warrants of plaintiff had been redeemed. To compel this, a peremptory writ of mandamus should have issued. The judgment is reversed.

Reversed.