Herbon Bank v. Lawrence County.

[69 South. 209.]

1. Mandamus. *Claims against county. Schools and school districts. Compensation of teachers. County warrants. School warrants. Payment.*

A mandamus to require the board of supervisors of a county to levy a tax to pay warrants issued by them, cannot be resisted

on the ground that the officers in charge of the funds have illegally used them to pay other claims.

2. SCHOOL DISTRICTS. *Compensation of teachers. County warrants. School warrants. Payment by county. Statutes.*

Code 1906, section 4627, providing, that "in any county where there are outstanding school warrants or indebtedness due teachers for teaching in the public schools, the board of supervisors shall inquire into the justness of such unpaid claims, and if they believe it to be right and proper for same to be paid, they may take up and cancel the same and cause a warrant to issue to the proper person on any county funds in the treasury for such amount as they may determine to be justly due. In counties where such outstanding indebtedness exist, and no funds on hand to pay it, the board of supervisors of such counties may make a special levy, not to exceed one mill in any one year to pay same," is mandatory, and under it the board of supervisors have no discretion as to the allowance of unpaid warrants issued upon pay certificates attested by the superintendent of education under section 4566, providing that, upon presentation of a pay certificate for service as a teacher, duly attested, by the superintendent, the clerk of the board of supervisors shall issue a warrant therefor.

3. MANDAMUS. *School teacher's warrants.*

Since the allowance of claims of school teachers for which warrants were issued by the board of supervisors to a separate school district, carriers with it the obligation to raise funds to pay them, mandamus will lie to compel payment.

APPEAL from the circuit court of Lawrence county.
HON. A. E. WEATHERSBY, Judge.

Mandamus by the Herbon Bank against Lawrence county, to require the board of supervisors to levy a special tax to pay warrants, issued by them. A demurrer to the petition was sustained, and petitioner appeals.

Section 4566, Code 1906, referred to in the opinion of the court, is as follows:

"Upon the presentation of a pay certificate for services rendered as a teacher, duly attested by the superintendent, the clerk of the board of supervisors, or of the municipality being a separate school district, shall issue a warrant on the treasury for the amount

stated in the certificate, the warrant to state upon its face the number of the month of the term during which the services were rendered—as first month, second month, etc.—and to specify the fund upon which it is drawn; the clerk shall keep a file of the certificates so received as part of the official records of his office, and shall be governed in every respect by the same laws that regulate the issuing of. country or municipal warrants for other purposes, except that the warrants for teachers' salaries shall be issued directly upon the certificate of the county superintendent, without any action thereon by the board of supervisors or the mayor and board of aldermen by way of allowance or approval. For services rendered by teachers in public schools before the time when this chapter becomes operative, and for which a pay certificate or warrant has not been issued because of a want of funds in the treasury out of which to pay it, the board of supervisors or municipal authorities, as the case may be, are authorized to make proper allowances upon proof of such services rendered in good faith.''

Section 4574, Code 1906, referred to in the opinion of the court, is as follows:

''The county common school fund shall be divided between the separate school districts of a county and that portion of a county not included in separate school districts. Within thirty days after every legal enrollment of educable children of the state, and within thirty days after the organization of a separate school district, or a change has been made in the limits of one already organized in the county, the county superintendent of education shall certify to the clerk of the board of supervisors the number of educable children, to be determined from the official roll of educable children on file in the chancery clerk's office, in each separate school district in the county, and the number of educable children outside the limits of separate school districts. At each

regular meeting of the board of supervisors it shall be the duty of the clerk of the board of supervisors to apportion the amount of undivided county common school fund in the county treasury among the separate school districts of the county and the county outside of separate school districts, on the basis of the number of the educable children in each, as furnished by the county superintendent of education, and to certify the said apportionment to the board of supervisors, who, if the apportionment is found to be correct, shall order that a warrant be issued in favor of the treasurer of each separate school district for the amount due each district. At the first meeting of the board of supervisors after the passage of this act, all the poll tax collected since the last official report of the same to the auditor shall be divided as provided in this section.''

Section 4627, Code 1906, referred to in the opinion of the court, is as follows:

''In any county where there are outstanding school warrants or indebtedness due teachers for teaching in the public schools, the board of supervisors shall inquire into the justness of such unpaid claims, and if they believe it to be right and proper for the same to be paid, they may take up and cancel the same and cause a warrant to issue to the proper person on any county funds in the treasury for such amount as they may determine to be justly due. In counties where such outstanding indebtedness exists, and no funds on hand to pay it, the boards of supervisors of such counties may make a special levy, not to exceed one mill in any one year to pay the same.''

*G. Wood Magee*, for appellant.

By sustaining this demurrer, the court puts appellant in the position of having to sue in an ordinary action based on these warrants and this I contend appellant

would not be allowed to do under the unbroken line of decisions of this court.

Or the court says to appellant you must appeal to the legislature of the state for relief.

In this event, the legislature could only say to Lawrence county that the warrants may be paid if the county desires to pay them—could only encourage—not direct or command the county to pay them. This authority the county now already has without any enabling act of the legislature. The holder of these warrants cannot sue the county in an ordinary action based upon the warrants. *Polk* v. *Supervisors,* 52 Miss. 422. And especially is this true when by the board of supervisors or other proper authority the amount of the warrant is settled or adjudicated. *Klein* v. *Supervisors,* 58 Miss. 540; *Green* v. *State,* 53 Miss. 148; *Carroll* v. *Board of Police,* 28 Miss. 38. The facts of this case on the pleadings as they stand now are in perfect harmony with the announcement of the law made by the court in the case of *County* v. *Rhodes,* 85 Miss. 500, because these warrants produced in court, copied in the record, recite what fund they are drawn on and what month's pay they are for.

If any of the items on the account sued on in this case are legal, mandamus should have been allowed by the lower court for such of them as are legal. *Chattels* v. *Coahoma Co.,* 73 Miss. 352.

I therefore submit that all the pay warrants should have been allowed by the court because these are looked upon and recognized by the courts as judgments against the county, and an ordinary suit based on the warrants would put the creditor no nearer his money than he is now.

As stated above four of these were and necessarily had to be issued on the order or act of the board of supervisors, and the others were issued by the legally constituted authorities acting under section 4566 of the laws of the state.

The legal machinery of the financial part of our public school system is in a woeful, miserable condition if the local banks can't pay with perfect confidence the warrants issued to the poorly paid school teachers by the legally constituted authorities of the county.

I respectfully submit that the action of the lower court in sustaining the demurrer was erroneous and that the cause should be reversed and remanded.

*McGeehee & Patterson,* for appellee.

Section 335, of the Mississippi Code of 1906, provides that the board of supervisors of each county shall, at its regular meeting in September of each year, levy the county taxes for the succeeding fiscal year, and shall order a certain rate per centum on the amount of the state tax upon the assessment rolls, to be collected for county taxes; and that if such board does not levy the county taxes at that time, it may do so at any other regular, adjourned, or special meeting.

The board of supervisors in the case at bar made the levy, above provided for, at its September meeting 1912, before the claim of the appellant was presented for payment at the May meeting 1913. It is held in the case of *Gamble* v. *Witty,* 55 Miss. 26, that if the board meet at the proper time and levy county taxes, and at a subsequent meeting levy other taxes, such additional levy will be void.

In the case of *Beard* v. *Board of Supervisors of Lee County,* 51 Miss. 542, the court said:

"The law does not mean that the board shall, in its discretion, make a levy of taxes for one purpose at one session, and for another at another session, but the injunction is plain that the especial business at the July session shall be to consider the subject of county finances—the demands upon the taxing power, so as to adjust the rate of taxation within the limits fixed by law, as that all legitimate objects shall be provided for, etc."
And continuing the court further said:

"It would be almost impossible to tax wisely and prudently if the board might, at any general or special meeting, levy special taxes, therefore the legislature has assigned one regular session, devoted especially to the consideration of county necessities, finances and taxes."

If the board of supervisors of Lawrence county in the instant case was not required by law to order a special levy or taxes at the meeting when it was requested to do so by the appellant, then it is apparent that it could not be compelled by mandamus to do so. Section 4727 of the Mississippi Code of 1906, to say the most of it, only leaves it to the discretion of the board to pay or not to pay the pay certificates and warrants in question, and any action on the part of the board would be in the nature of a judicial act, requiring the exercise of judgment and discretion in its performance, and for the control of which judgment and discretion mandamus will not lie.

If the mere fact that the one holding a county warrant makes him a judgment creditor of the county to the extent that the board of supervisors can be compelled by mandamus to provide funds to pay his warrant, then we respectfully ask, why is the board of supervisors clothed with the discretion to pay or not to pay the "outstanding school warrants" referred to in the statute above mentioned? Most assuredly this statute gives the board the right to determine whether the county superintendent or county treasurer have exceeded their authority in connection with such pay certificates or the payment of such warrants, and also the right to say whether or not the remedy of the holder of the same was against either of such officers and their official bonds. And if the board has any discretion in the matter, the discretion given, it cannot be controlled by another tribunal unless that discretion had been flagrantly abused. The allegations of the petition fail to show abuse of its discretion on the part of the board, but on the con-

trary clearly show that the other officers of the county are at fault, and that the remedy of appellant is plain and adequate against them.

COOK, J., delivered the opinion of the court.

The appellant began this suit by petition to the circuit court, asking that the court by mandamus require the board of supervisors of Lawrence county to levy a special tax for the purpose of paying certain school warrants issued by the clerk of the board of supervisors of said county upon pay certificates duly attested by the superintendent of education, according to the provisions of section 4566, Code 1906, and other warrants issued by order of the board of supervisors.

We get from this record that the school warrants to pay the salaries of teachers in the public schools were regular on their face, but it appears that the fund provided by law for the payment of such warrants had been illegally used to pay outstanding warrants for previous years. In other words, it appears that when the warrants were issued there were funds on hand belonging to the school fund of that particular scholastic year for which the warrants were issued but there was a shortage in school funds for some previous year, and the funds then on hand were used to pay warrants for previous years. The other warrants mentioned in the petition were warrants issued by order of the board of supervisors to Newhebron separate school district, on account of its *pro rata* share of the poll tax collections, according to the provisions of section 4574, Code 1906.

The petition avers that the certificates and county warrants were regularly issued, but that there was no money in the county treasury out of which the county could pay the indebtedness. The petition also avers that the holder of the indebtedness had presented the claims to the board of supervisors for payment, but the

board refused to make provisions for the payment of same. A demurrer to the petition was sustained, and petitioner appeals.

As we understand the record, it seems to be the contention of appellee that inasmuch as the petition shows that the funds provided by law for the payment of these claims had been illegally used by the officers in charge of same, the remedy of appellant is plain and adequate against the officers and the sureties on their bond, and for this reason, if for no other, the lower court properly sustained the demurrer. We do not think this contention is sound. Appellant has a claim against the county, and the county is not released from its obligation to pay its indebtedness because the administrative officers of the county violated the law.

There were many grounds of demurrer, but we will only consider the grounds argued in the briefs. The record clearly shows that appellant holds a valid claim against the county, and is unable to collect same by any means known to the law, unless the courts will compel the board of supervisors to levy a tax to pay same.

Section 4566 authorized the issuance of warrants by the clerk of the board of supervisors upon the pay certificate of the superintendent of education, and without an order from the board of supervisors. The board of supervisors have nothing to do with these certificates, or warrants, and are never called on to deal with same until they become "outstanding"—"unpaid claims."

The lawmakers anticipating that some of the counties might fall behind in the payment of school warrants, passed section 4627, Code 1906. This section covers and controls the case made by the record. If the unpaid claims are just, the board of supervisors may either take up and cancel the warrant and issue in lieu thereof a warrant on any county funds in the treasury, or in case there be no funds in the treasury a special levy may be made to pay same.

The board of supervisors contends that this section of the Code confers upon the board the discretion to allow or disallow the unpaid claims. We do not so read the law. If the claims are just and owing, the board has the discretion as to how the claims may be paid, but no discretion as to whether they will be paid, or not. The statute provides a means by which boards of supervisors may pay the debts of the county, and by one of the means the board must pay. The opinion of this court in response to the suggestion of error in the case of *Town of Carrollton* v. *Town of North Carrollton*, recently rendered, and reported in 69 So. 179, is directly in point here. We think that section 4627, Code 1906, is peremptory, although the words employed are permissive in form.

If it be contended that the warrants issued by the board of supervisors to the separate school district are not such school warrants as are contemplated by section 4627, Code 1906, the allowance of these claims carried with it the obligation to provide funds to pay them, and mandamus is the proper and only remedy to compel the performance of the obligation. *Taylor* v. *Chickasaw County*, 70 Miss. 87, 12 So. 210. Obligations arising out of public acts and relations are enforced by mandamus, and with regard to the payment of the acknowledged indebtedness represented by the warrants issued on the order of the board of supervisors no other remedy is adequate or appropriate.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*