BEACH *v.* MYLL.

1. MANDAMUS—PAYMENT OF ORDERS WHERE SPECIAL FUND HAS BEEN EXHAUSTED—STATUTES.

Where special fund provided for payment of orders issued has been exhausted, whether rightfully or wrongfully, and such orders are by statute to be paid out of general fund, fact that special fund set apart for payment of such claims has been exhausted will not prevent issuance of mandamus to compel payment of such claims,

2. SAME—DRAINS—PAYMENT OF DRAIN ORDER OUT OF GENERAL FUND
   —STATUTES.

   Mandamus will issue to compel payment of drain order out of
   general fund, as provided by statute (1 Comp. Laws 1929,
   § 4918), where said order was regularly issued, money to pay
   same had been raised but had been wrongfully used for other
   purposes, and there was sufficient money in general fund to
   make payment.

Appeal from Macomb; Reid (Neil E.), J. Sub-
mitted August 29, 1933. (Calendar No. 37,329.)
Decided October 2, 1933.

Mandamus by Fitch H. Beach and another, doing
business as Beach Manufacturing Company, against
Wilfred Myll, Macomb County Treasurer, to compel
payment of a drain order. Writ denied. Plaintiffs
appeal in the nature of certiorari. Reversed, and
writ granted.

*Emerson R. Boyles,* for plaintiffs.

*Roy M. McKinstry,* Prosecuting Attorney, and
*Don D. Williams,* Assistant Prosecuting Attorney,
for defendant.

POTTER, J. Plaintiffs sold materials to the drain
commissioner of Macomb county for the Anderson
drain, and received a drain order for $200, payable
from the Anderson drain fund, on or after March 15,
1931. April 15, 1931, plaintiffs presented the drain
order to the county treasurer of Macomb county.
Payment was refused. The order was marked by
the drain commissioner "insufficient funds, six per
cent. interest added from April 15, 1931, until re-
deemed." The order has not been redeemed.
April 24, 1933, the books of the county treasurer of
Macomb county showed a balance in the Anderson

drain fund of $957.88. Plaintiffs' drain order was again presented to the county treasurer for payment and payment refused. April 26, 1933, petition for mandamus was filed in the circuit court. May 5, 1933, hearing was had and the writ denied. Plaintiffs bring appeal in the nature of certiorari. That the county treasurer's books showed on the day of demand and on the day of hearing a balance of $957.88 in the Anderson drain fund is admitted. It is conceded the money belonging to the Anderson drain fund was used for other purposes prior to the date of plaintiffs' demand, and it is claimed such dissipation of the fund by respondent's predecessor in office constitutes a defense. Plaintiffs' claim has been audited and allowed; its amount fixed and determined, and an order issued therefor by the drain commissioner on the Anderson drain fund. The regularity of the issuance of the drain order is not questioned. The order was due and payable when presented for payment in April, 1933. Drawing a warrant therefor would have been a mere ministerial duty, incumbent upon defendant and subject to control by mandamus. High, Extraordinary Legal Remedies (3d Ed.), § 356. The defense is want of funds. Reliance is based upon *People, ex rel. Allen,* v. *Frink,* 32 Mich. 96, where the moderator and director of a school district sought mandamus against the assessor to compel payment of an order issued to pay a school teacher. There were, and had been, no funds in the hands of the assessor to pay the same; *Murphy, Treasurer of Lake Township,* v. *Treasurer of Reeder Township,* 56 Mich. 505, where mandamus was brought to compel the payment of an order issued on a division of township funds, incident to a division of Reeder township by setting off Lake township therefrom. The case was heard

on petition and answer. Defendant's return was not questioned. It showed a mistake of $1,400 in the amount of the order; that no funds to pay the order had been raised or had ever been in defendant's hands; *Smith* v. *Auditor General,* 80 Mich. 205, which involved mandamus to compel the payment of a soldier's bounty, payable out of any money appropriated for that purpose. No money had been appropriated. In these cases mandamus was refused because of want of funds.

"When a demand against a municipal corporation is liquidated and evidenced by a proper warrant upon a proper officer, requiring upon the part of such officer the official action of paying it, such action, there being funds, may be compelled by mandamus." *Ullman* v. *Sandell,* 158 Mich. 496, 501.

The money to pay plaintiffs' drain order has been raised. The taxpayers cannot be required to again pay the amount of the fund which it is claimed has been used for other purposes by the board of supervisors. *First National Bank of Paw Paw* v. *Nash,* 232 Mich. 380. The statute requires a drain fund to be set up for each particular drain. Orders for the payment of services rendered and work performed are to be drawn by the drain commissioner upon the drain fund of the particular drain to which they relate. The statute directs when such order shall be payable. When presented for payment such orders are to be paid out of the drain fund on which they are drawn, and if that is insufficient the holder thereof has a right to require payment out of any moneys in the general fund of the county treasury available for their payment. 1 Comp. Laws 1929, § 4918; *Moore* v. *Harrison,* 224 Mich. 512; *Nash* v. *Robinson,* 226 Mich. 146; *Graves* v. *Bliss,* 235 Mich. 364.

The precise question is whether mandamus will lie to compel the payment of plaintiffs' drain order by defendant, it appearing the money has been raised and credited to the Anderson drain fund and subsequently used for other purposes; so that it appears there was not sufficient money on hand in the Anderson drain fund when the order was presented for payment to pay the same, there being statutory authority to require payment out of the general fund of the county and there being sufficient money in the general fund of the county to make the payment.

Though want of funds is in general a sufficient excuse for not paying an order, as appears from the cases above discussed, the authorities are in conflict as to whether the unlawful appropriation of available funds, so there are no funds available, is a defense. Official misapplication of funds, the wrongdoing of county officers having control of funds, ought not to constitute a defense. The county cannot defend on the ground it misappropriated the funds in question. Official wrongdoing should not constitute a foundation for the wrongdoer's rights. *People, ex rel. Pennell,* v. *Treanor,* 15 App. Div. 508 (44 N. Y. Supp. 528); *Herbon Bank* v. *Lawrence County,* 109 Miss. 397 (69 South. 209); *State, ex rel. Hunter,* v. *Winterrowd,* 174 Ind. 592, 599 (91 N. E. 956, 92 N. E. 650, 30 L. R. A. [N. S.] 886); *First National Bank of Northampton* v. *Arthur,* 12 Colo. App. 90 (54 Pac. 1107); *Hutcheson* v. *Manson,* 131 Ga. 264 (62 S. E. 189); *Aaron* v. *German,* 114 Ga. 587 (40 S. E. 713); *State, ex rel. Lane,* v. *Craig,* 69 Mo. 565; *People, ex rel. Dannat,* v. *Comptroller of City of New York,* 77 N. Y. 45; *City of Columbia* v. *Spigner,* 86 S. C. 62 (68 S. E. 134).

When a special fund provided for the payment of orders issued has been exhausted, whether rightfully or wrongfully, and such orders are by statute to be paid out of the general fund, the fact the special fund set apart for payment of such claims has been exhausted will not prevent the issuance of mandamus to compel payment of such claims out of the general fund. *Jackson* v. *Baehr,* 138 Cal. 266 (71 Pac. 167); 38 C. J. p. 770, § 412.

The writ of mandamus will issue as prayed.

McDONALD, C. J., and SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.