WHITMORE *v.* CALHOUN COUNTY TREASURER.

1. DRAINS — CLEANING OUT — ORDERS — STATUTES — APPROVAL OF TOWNSHIP BOARDS.

   While under pertinent provision of drain law, postdated drain orders in excess of $600 for work of cleaning out a county drain having an initial cost in excess of $1,500 pursuant to contract with county drain commissioner were void where township boards of townships traversed by the drain had not approved the expenditure, a drain order for the sum of $600 was valid where such work was necessary to keep the drain in working order as the approval of such boards was not necessary in order to expend such sum (1 Comp. Laws 1929, § 4908, as last amended by Act No. 21, Pub. Acts 1941).

2. SAME—SEPARATE DRAINS CONSTITUTING ONE SYSTEM.

   The fact that three county drains, each legally established with separate drainage assessment districts, together constituted a continuous drainage system does not make them a single drain under the general drain law (1 Comp. Laws 1929, § 4908, as last amended by Act No. 21, Pub. Acts 1941).

3. MANDAMUS—JURISDICTION—DRAINS—ORDERS.

In mandamus proceeding to compel payment of a drain order drawn to party who had contracted with the county drain commissioner to clean out a county drain, the court had jurisdiction to pass upon the regularity of the proceedings to clean out the drain and the validity of the drain order (1 Comp. Laws 1929, § 4908, as last amended by Act No. 21, Pub. Acts 1941).

4. SAME—DRAIN ORDERS—COUNTY TREASURER—PAYMENT.

Mandamus was the proper remedy to compel county treasurer to perform his plain statutory duty of accepting a drain order for payment.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted March 22, 1946. (Calendar No. 43,135.) Decided May 13, 1946.

Mandamus by William Whitmore against James Threapleton, County Treasurer of Calhoun County, to compel payment of drain order. Writ denied. Plaintiff reviews by appeal in nature of certiorari. Reversed and remanded for issuance of writ.

*Howard, Howard & Howard,* for plaintiff.

*James J. Dunn,* Prosecuting Attorney, and *Edmund R. Blaske,* Assistant Prosecuting Attorney, for defendant.

BOYLES, J. On leave granted, plaintiff appeals in the nature of certiorari from an order entered by the circuit court for Calhoun county denying his petition for a writ of mandamus. The facts are accurately stated by the circuit judge in his findings, as follows:

"This is a petition by William Whitmore for writ of mandamus to compel James Threapleton, as county treasurer of Calhoun county, to pay or honor drain order No. 239 in the amount of $600.

"It appears from the evidence taken at the hearing on said petition that J. E. Shedd, county drain commissioner in the year of 1943, entered into an oral contract with William Whitmore to clean out the John Wood drain, also known as the Wood & Acker drain, that traverses Burlington and Tekonsha townships, for the sum of $3 per rod, or a total contract price of $3,360.

"The county drain commissioner had no petition of freeholders setting forth the necessity of said proposed work, and he did not have the approval of the township boards of the townships traversed by said county drain, to said cleanout. Said John Wood drain is an established county drain having an initial cost in excess of $1,500.

"Plaintiff completed the work of cleaning out said drain in the year of 1943, and the county drain commissioner on July 6, 1943, issued and delivered to plaintiff six drain orders numbered from 239 to 244 inclusive, the first five in the amount of $600 each and the sixth in the amount of $360 payable one each year for six consecutive years beginning with order No. 239 on April 15, 1944, same to be paid out of moneys belonging to John Wood drain fund.

"Drain order No. 239, due on April 15, 1944, was duly presented to James E. Threapleton, county treasurer of Calhoun county on April 17, 1944, for payment, by registered mail, by plaintiff's attorneys. On May 2, 1944, the drain order was returned to plaintiff's attorneys by the county treasurer with the notation that it was dishonored because the proceedings relative to the drain on which said order was given, were invalid. The drain order was then presented to the county clerk and returned by the county clerk on May 16, 1944, with the notation that all drain orders are handled through the treasurer's office.

"The clean-out of the John Wood drain was not approved by either Burlington or Tekonsha town-

ship boards in 1943. However, on September 25, 1944, the township board of Burlington township did pass a motion approving the clean-out. No action was taken by the township board of Tekonsha township.''

There was more than $600 in the funds available for payment of the drain order in question. The defendant contended in the circuit court, and still insists here, that the act of the drain commissioner in contracting for cleaning the John Wood drain for $3,360 and drawing orders in 1943 for $600 each, payable annually, for the work done in 1943, was illegal and void because no petition of freeholders had been filed and no approval of the township boards of the townships traversed by the drain had been obtained. This contention is correct as to its effect on each of the drain orders issued in excess of $600 for payment of the work. However, defendant's contention overlooks the obvious fact that the instant case is only to compel payment of drain order No. 239, for $600, and is not an attempt to compel payment or acceptance of the rest of these drain orders.

The applicable provisions of chapter 7, § 6, of the drain law (1 Comp. Laws 1929, § 4908, as amended by Act No. 318, Pub. Acts 1931, Act No. 303, Pub. Acts 1937, and Act No. 21, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 4908, Stat. Ann. 1944 Cum. Supp. § 11.72])* reads as follows:

"The county drain commissioner of any county, or the drainage board in case of intercounty drains, shall cause an inspection to be made annually, or oftener if deemed necessary, by a competent person, of all drains laid out and constructed under this act. The commissioner or the drainage board may *without petition,* expend an amount not to ex-

---

* Amendment by Act No. 262, Pub. Acts 1945, has no bearing.

ceed, in any one year, 40 per cent. of the original cost of said drain for any work contemplated in this chapter, where in the opinion of said commissioner or drainage board, as the case may be, such inspection shows such work to be necessary to keep the drain in working order or where an emergency condition exists endangering the public health, crops or property: *Provided,* That the county drain commissioner of any county, or the drainage board in case of intercounty drains, if the initial cost of the drain exceeded $1,500, shall not expend to exceed $600 for the purpose of cleaning out drains unless it shall be approved by the township board or boards of the townships traversed by the drain. In case the fund belonging to said drain is not sufficient to pay for said expense, the commissioner or board shall reassess said drain therefor according to benefits received.''

The record amply supports the conclusion of the drain commissioner that the clean-out work on the John Wood drain was necessary to keep the drain in working order. The approval of the township boards was not necessary in order to authorize the drain commissioner to expend not to exceed $600, in 1943, for the purpose of cleaning out the drain. The drain commissioner lacked the authority to expend more than $600, in 1943, to clean out the John Wood drain. The issuing of what in effect amounted to postdated drain orders for $600 each, on the theory that they were expenditures *in futuro* for each of those years, was contrary to the express inhibition in the statute above quoted. It provides that if the initial cost of the drain exceeded $1,500, the drain commissioner ''shall not expend to exceed $600 for the purpose of cleaning out drains unless it shall be approved by the township board or boards of the townships traversed by the drain.'' Such is the plain purport of the above quoted stat-

ute. However, that does not affect the validity of the drain order No. 239, the only one here involved, which was issued in 1943 for $600 for the work done by plaintiff in that year.

The John Wood drain was the middle one of three separate and distinct drains, each legally established with separate drainage assessment districts. The fact that these three drains together constitute a continuous drainage system does not make them a single drain. The John Wood drain here involved is a legally separate and distinct drain, with its own separate drainage assessment district. Under the statute above quoted, the drain commissioner had the authority to expend $600 in 1943 to clean out the John Wood drain. Drain order No. 239, the only one for which plaintiff here seeks to compel payment, is a valid order.

The only other question raised is as to the jurisdiction of the court in this proceeding to consider and pass upon the regularity of the proceedings to clean out the John Wood drain and the validity of the drain order here in question. The court had jurisdiction. It was the plain statutory duty of the county treasurer to accept drain order No. 239 for payment, and mandamus is the proper remedy. *Beach* v. *Myll*, 264 Mich. 604.

Reversed and remanded with direction to issue the writ as prayed for, with costs to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, NORTH, and STARR, JJ., concurred.