TUNKIEICZ, Respondent, v. LIBBY, McNEILL & LIBBY, Appellant.

*No. 164. Argued October 2, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 393.)

416

418

For the appellant there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *Charles J. Richards*.

For the respondent there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon.*

BEILFUSS, J.    The defendant, Libby, contends the trial court erred in permitting plaintiff's witnesses to testify that the lima beans could have been harvested when they had no actual knowledge of the soil conditions and no hypothetical question of assumed facts of the record had been given to the witnesses. Libby also contends that without this testimony the evidence is not sufficient to sustain the verdict.

The most critical fact at issue in the case was the capability of the soil in the plaintiff's field to carry the combines and tractors in the harvesting process. Libby's fieldman testified that at no time prior to September 20th was the field dry enough to support the harvesting machinery.

The plaintiff testified from his own observations of the field, from the fact that this field had been tiled for drainage purposes, and his experience in harvesting adjacent fields on his farm, that the beans could have been harvested between September 4th and September 20th. His testimony was directly corroborated by Mr. Mills, who entered the field and viewed the soil conditions, and indirectly by Mr. Nicholson, who viewed the field and the Libby machinery from the roadway. If this

testimony was properly received in evidence it is amply sufficient to support the verdict.

The defendant contends that the testimony of the plaintiff and his witnesses was in the nature of expert opinion evidence and that because the witnesses had no actual knowledge of the soil conditions, and no hypothetical questions were put to them concerning the soil conditions, the court erred in allowing them to testify as to their opinion that the field could have been harvested.

The court sustained the defendant's objection to Mrs. Hendricksen's opinion as to harvestability of the field. Her only testimony in the record is as to her observations as to water on the field. This was not error.

We are of the opinion that the plaintiff, Mr. Nicholson, and Mr. Mills were sufficiently qualified as experts capable of forming an expert opinion as to whether the field could have been harvested.[1] All three were mature middle-aged persons who farmed all of their lives. They lived in the immediate area; knew the soil conditions; what type of machinery should be used; and when the soil conditions were such as to permit the harvesting. In addition, the same weather conditions prevailed on their nearby lands insofar as their harvesting was concerned. All of their crops were harvested.

They all made some personal observations of the plaintiff's field. These observations, together with their general experience and the specific experience that fall, were sufficient to permit them to express an opinion as to whether the lima bean crop could have been harvested.

The extent and adequacy of their observations and experience are matters that defendant could challenge on cross-examination.

The testimony of Libby's fieldman is in direct contradiction of some of the evidence of the plaintiff and his

---

[1] *Luke v. Northwestern National Casualty Co.* (1966), 31 Wis. 2d 530, 535, 143 N. W. 2d 482; *Karlen v. Hadinger* (1911), 147 Wis. 78, 132 N. W. 591.

witnesses. However, the credibility of the several witnesses and the weight to be given to their testimony was properly left for the jury's determination.

We conclude that the trial court properly permitted the plaintiff and his farmer neighbors to testify as experts; that their testimony could be accepted as credible by the jury and, as such, supports the verdict.

*By the Court.*—Judgment affirmed.