*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUSTY JAMES KROHN,

      Plaintiff-Appellant,

and

K.B.D. FARMS, INC.,

      Appellant,

UNPUBLISHED
October 12, 2023

v

KROHN FARMS LLC and RICHARD KROHN II,

      Defendants-Appellees.

No. 363268
Huron Circuit Court
LC No. 21-105758-CK

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Appellants[1] appeal by right the trial court's order granting defendants' motion for summary disposition. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The litigation underlying this appeal involves several actions brought by the various parties in the trial court as well as the 73rd District Court. In brief, and relevant to the issue on appeal, the parties are family members and corporations engaged in the business of farming. Plaintiff Rusty Krohn (Rusty) is an officer of his parents' company, K.B.D. Farms, Inc. (KBD). Defendant

---

[1] Although K.B.D. Farms, Inc. (KBD) joined in the filing of this appeal and presented itself as an appellant, and the parties have captioned their appellate briefs accordingly, it does not appear that KBD was a party to the specific underlying action (docket number 21-105758-CK in the Huron Circuit Court) from which this appeal was taken, although it was a party to other litigation between the parties, as will be explained more fully in this opinion.

Richard Krohn II (Richard), Rusty's brother, is the owner of defendant Krohn Farms, LLC (Krohn Farms). In 2019, KBD filed an action against defendants in the trial court, seeking to recover damages related to farming services and equipment allegedly provided to defendants. Richard later filed an action in the trial court against Rusty to recover farming equipment owned by Richard and allegedly converted by Rusty. The trial court consolidated those two cases ("the consolidated cases"). This appeal is not taken from orders entered in the consolidated cases, but rather is taken from orders entered in later-filed litigation.

Rusty and defendants had also informally agreed that Richard could house dairy cattle in a barn owned by Rusty. They also had entered into an agreement allocating responsibility for manure removal from local dairy farms. In 2019, after relationships between the parties had broken down and the consolidated cases had commenced in the trial court, Rusty brought an eviction action against Richard in the district court ("the district court case"), seeking to evict Richard from the barn and seeking damages for nonpayment of rent and utilities. In May 2021, the district court dismissed the case. The dismissal order stated that the dismissal was without prejudice. In June 2021, the district court denied Rusty's motion to reinstate the case.

In August 2021, Rusty filed suit against defendants for breach of the manure removal agreement and for the nonpayment of rent related to defendants' use of Rusty's barn to house dairy cattle ("the 2021 case"). In November 2021, defendants moved for summary disposition of Rusty's claims in the 2021 case. Defendants argued that Rusty's claims were or could have been raised in the district court case, and that the district court's denial of Rusty' motion to reinstate the district court case had converted the district court's earlier dismissal without prejudice into a final adjudication and a dismissal with prejudice. Therefore, defendants argued, plaintiffs' claims in the 2021 case were barred by res judicata and Michigan's compulsory joinder rule, MCR 2.203.

The trial court held a hearing on defendants' motion in December 2021. At the hearing, the trial court held that the district court's dismissal of the district court case was "a prior judgment with prejudice" and that "under [MCR] 2.203(A), those matters [in Rusty's complaint] should have been joined down at the district court level, and they were not." The trial court entered an order granting defendants' motion for summary disposition. The trial court subsequently denied Rusty's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). Summary disposition is appropriately granted when a party's claims are barred by a prior adjudication. MCR 2.116(C)(7). We review de novo the application of a legal doctrine such as res judicata. *Washington*, 478 Mich at 417. We also review de novo the interpretation of statutes and court rules. *McGregor v Jones*, ___ Mich App ___, ___; ___ NW2d ___ (2023), slip op at 2.

## III. ANALYSIS

Appellants argue that the trial court erred by granting defendants' motion for summary disposition. Specifically, appellants argue that the trial court erred by determining that the dismissal of the district court case was a determination on the merits. We agree.

-2-

Res judicata, or claim preclusion, is an equitable doctrine "intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Garrett v Washingon*, 314 Mich 436, 441; 886 NW2d 762 (2016), quoting *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). "For res judicata to preclude a claim, three elements must be satisfied: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* (quotation marks and citation omitted). The burden of proving that a claim is precluded rests on the party asserting res judicata. *Id.*

A dismissal without prejudice is not an adjudication on the merits. *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015). In fact, a dismissal without prejudice "signifies 'a right or privilege to take further legal proceedings on the same subject, and show[s] that the dismissal is not intended to be *res judicata* of the merits.' " *Id.*, quoting *McIntyre v McIntyre*, 205 Mich 496, 499; 171 NW2d 393 (1919). "A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *McIntyre*, Mich at 499 (quotation marks and citation omitted).

Defendants do not argue with the general principle that a dismissal without prejudice is not an adjudication on the merits; however, they argue that the district court's order of dismissal effectively became a dismissal with prejudice, and therefore an adjudication on the merits, when the district court denied Rusty's motion to reinstate the case. We disagree.

MCR 2.504(B)(1) permits a trial court to dismiss a party's action or claims for failure to comply with a court order or rule. In this case, the district court dismissed Rusty's eviction action based on his and his counsel's failure to attend a scheduled status conference. MCR 2.504(B)(3) states that "*[u]nless the court otherwise specifies in its order for dismissal*, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." (Emphasis added). Here, the district court specified in its order that the dismissal was without prejudice; therefore, the district court specified, in effect, that the order did not operate as an adjudication on the merits.

Defendants' argument that the district court's denial of Rusty's motion to reinstate essentially transformed its earlier dismissal into an adjudication on the merits is based on this Court's decision in *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125; 624 NW2d 197 (2000). In *Wickings*, this Court was faced with the issue of whether it had jurisdiction to hear the plaintiff's appeal from the trial court's order denying his motion to reinstate a case that had been dismissed without prejudice under MCR 2.502.[2] This Court concluded that the trial court's order denying

---

[2] MCR 2.502 governs dismissals of actions for lack of progress. MCR 2.502(A) permits a trial court to "order that an action in which no steps or proceedings appear to have been taken within 91 days be dismissed for lack of progress . . . . ." This dismissal is without prejudice unless specified otherwise. MCR 2.502(B)(1). "On a motion for good cause, the court may reinstate an action dismissed for lack of progress on terms the court deems just." MCR 2.502(C).

the motion to reinstate was a final order that permitted an appeal by right, noting that "[n]ot until the trial court denied the motion to reinstate the action did the parties have any firm indication that the case had finally concluded." *Id.* at 135. This Court phrased its resolution of the issue as follows: "The time in which Wickings had to file his claim of appeal commenced following the trial court's February 19, 1999 order because it was the final order in this case, *effectively dismissing this case with prejudice.*" *Id.* at 137 (emphasis added).

*Wickings* does not support defendants' argument, for several reasons. In the first instance, this Court in *Wickings* was not charged with determining the application of res judicata in a *subsequent* lawsuit; rather, it was charged with determining when the plaintiff's right to appeal in the *current* lawsuit had accrued by virtue of the issuance of a final order. In context, it is clear that this Court's statement in *Wicking* that the trial court had "effectively" dismissed plaintiff's case with prejudice applies in *this* case only to mean that the district court's order denying the motion to reinstate had effectively ended the then-*current* litigation (i.e., the district court case). This Court's language in *Wickings* cannot reasonably be read as establishing a broad principle that, for purposes of res judicata, dismissals without prejudice become prior adjudications on the merits when a motion to reinstate is denied. In fact, the *Wickings* Court noted, in comparing the denial of a motion to reinstate to the entry of a default judgment, that "a court that must decide to grant or deny a motion to reinstate an action previously dismissed without prejudice for lack of progress *has no basis from which to conclude that the case has been adjudicated or otherwise resolved* before it entered the dismissal order." *Id.* at 136 (emphasis added).

In any event, even if we were to conclude that *Wickings* did establish some sort of claim preclusion rule for denials of motions to reinstate cases dismissed for lack of progress under MCR 2.502, the district court in this case did not dismiss the case under that court rule. In fact, the district court explicitly stated that Rusty had "failed to cite a court rule or statute whereupon relief may be granted" and noted that "this case was not dismissed pursuant to lack of progress." The district court concluded that Rusty had "failed to state any legal reason as to why the Court should reinstate this case." In other words, Rusty's motion to reinstate the case was not denied for lack of progress under MCR 2.502, as was the case in *Wickings*; rather, it was denied because Rusty had not identified a court rule or statute providing for such relief and had not identified a legal reason for reinstating a case dismissed under MCR 2.504(B). Nothing in the district court's well-reasoned language denying Rusty's motion can be reasonably interpreted as an adjudication of Rusty's claims on the merits so as to bar *future* litigation; rather, the district court simply refused to reinstate the *current* litigation. The district court also reaffirmed that its original dismissal was without prejudice.

Further, even if this Court in *Wickings* had intended to establish the rule that defendants propose, such a rule would fly in the face of established Supreme Court precedent concerning the preclusive effect (or lack thereof) of dismissals without prejudice. See, e.g., *McIntyre*, Mich at 499. A dismissal without prejudice leaves the possibility of future litigation open, "as if no suit had ever been brought." *Id.* In addition to lacking the inclination to change this rule, this Court lacks the power to do so. See *Ahmed v Tokio Marine Am Ins Co*, 337 Mich App 1, 22; 972 NW2d

860 (2021) (noting that this Court is bound to follow decisions by the Supreme Court, except when those decisions have been clearly overruled or superseded by law).

For these reasons, the circuit court erred by determining that dismissal of the district court case was a prior adjudication on the merits. Accordingly, it erred by granting defendants' motion for summary disposition on that ground. *Washington*, 478 Mich at 417.

We also reject the trial court's alternative ground for granting summary disposition—that Rusty's claims in the 2021 case should have been pled in the eviction case. Count III of the 2021 case—which sought the payment of rent and utilities—was essentially the same claim as that brought in the eviction case. However, because the eviction case was dismissed without prejudice, Rusty was not precluded from bringing that claim again in the 2021 case.

Counts I and II of the 2021 case alleged a breach of the parties' manure removal agreement (for which Rusty sought to recover $524,000 in damages), as well as compensation for the related use of a manure tank (for which Rusty sought an additional $19,300 in damages). MCR 2.203(A) requires that a party "must join every claim that the pleader has against that opposing party at the time of serving the pleading, *if it arises out of the transaction or occurrence that is the subject matter of the action*." (Emphasis added). However, Counts I and II of the 2021 case—which related to the parties' business of removing manure from local dairy farms—did not arise out of the same transaction or occurrence that was the subject of the district court case, i.e., defendants' alleged nonpayment of barn rent and utilities for their own dairy cattle operation. While those claims may have been *permitted* to be joined to his claims for eviction and nonpayment of rent,[3] see MCR 2.203(B), they were not *required* to be joined. See *Adam v Bell*, 311 Mich App 528, 534; 879 NW2d 879 (2015), quoting *Adair v Michigan*, 470 Mich 105, 125; 680 NW2d 386 (2004) (citation and quotation marks omitted) (noting that the determination of whether various claims arose out of the same transaction or occurrence requires considering whether the facts are related in time, space, and motivation, and whether they "form a convenient trial unit").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing parties, appellants may tax costs. MCR 7.219(A)(1).

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney

---

[3] We note that the district court is a court of limited jurisdiction with a statutory cap of $25,000 on the amount of damages that may be awarded, MCL 600.8301(1); see also *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 216-217; 884 NW2d 238 (2016).